Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 3450 | **DATE** | 12/7/2000 |
| **CASE TITLE** | In Re: In Re Nanophase Technologies | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiffs' Motion for Preliminary Approval of Proposed Class Action Settlement is Granted. The Court finds that this case satisfies all of the requirements of FRCP 23(a) and (B)(3) and is provisionally certified as a class action for purposes of settlement only. A hearing shall be held on March 27, 2001 at 9:30 a.m. to determine if the proposed settlement is fair. The objections to the notice are overruled and the Court approves the Notice of Class Action. Objection to the settlement to be filed by March 1, 2001. ENTER PRELIMINARY APPROVAL ORDER.
(11) ☐ [For further detail see order attached to the original minute order.]

| X | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | Document Number |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | DEC 0 8 2000 date docketed | 163 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| *(signature)* | courtroom deputy's initials | 00 DEC -7  3: 29 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: NANOPHASE TECHNOLOGIES CORPORATION SECURITIES LITIGATION | No. 98 C 3405<br><br>Judge<br>David H. Coar |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS EXCEPT 98 C 7447 | Magistrate Judge<br>Martin C. Ashman |

DOCKETED
DEC 0 8 2000

## PRELIMINARY APPROVAL ORDER

**WHEREAS,** this consolidated action ("the Action") alleges violations of the Securities Act of 1933 by Nanophase Technologies Corporation ("Nanophase") and other persons named as defendants in the Corrected Consolidated Class Action Complaint dated November 22, 1998 ("the Complaint"); and

**WHEREAS,** in the Complaint Plaintiffs have sought to represent a Class consisting of all persons who purchased the common stock of Nanophase during the period from November 26, 1997 through and including January 8, 1998, and who were damaged thereby, other than Defendants, officers and directors of Nanophase, members of the immediate families of such officers and directors, and the subdivisions and/or affiliates of Nanophase ("the Class"); and

**WHEREAS,** all Defendants have filed Answers denying the material allegations of the Complaint and have asserted affirmative defenses as to both liability and damages; and

**WHEREAS,** Plaintiffs and Defendants have made application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order approving the settlement of this Action in accordance with a Stipulation of Settlement dated as of November _14_, 2000 (the "Stipulation"),



163

which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having considered the Stipulation and the exhibits annexed thereto; and the parties having been heard, it is hereby

**ORDERED:**

1. The terms defined in the Stipulation are incorporated herein.

2. The Court finds that this case satisfies all of the requirements for settlement class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). Specifically, the Court finds that:

    (a) the Settlement Class is so numerous that joinder of all members is impracticable;

    (b) there are questions of law or fact common to the Settlement Class;

    (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class;

    (d) Plaintiffs will fairly and adequately protect the interests of the Settlement Class;

    (e) the questions of law or fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

3. The Settlement, as set forth in the Stipulation, is preliminarily approved.

4. The Action is provisionally certified as a class action, for purposes of settlement only, under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

5. The Class shall consist of all members of the Class, except those persons who file valid requests for exclusion pursuant to the Stipulation.

6. A hearing shall be held before this Court on  MARCH 27 , 2001, at 9:30 a.m., in Courtroom 1419, United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court; whether a judgment as provided in the Stipulation should be entered herein; and to determine the amount of attorneys' fees and expenses that should be awarded to Lead Counsel. The Court may adjourn the Hearing and later reconvene it without further notice to members of the Class.

7. The Court approves, as to form and content, the Notice of Class Action, Proposed Settlement and Hearing Thereon (the "Notice"), the Summary Notice of Class Action, Proposed Settlement and Hearing Thereon (the "Summary Notice"), and the Proof of Claim and Release Form (the "Proof of Claim"), annexed as Exhibits 1, 2 and 3 hereto, and finds that the publication, mailing and distribution of the Notice and the Summary Notice substantially in the manner and form set forth in this Order meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(1)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

8. Stull, Stull & Brody, as Chair of the Executive Committee for Plaintiffs previously appointed by the Court, is hereby empowered to retain David Berdon & Co. LLP (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) No later than December 18, 2000, Nanophase shall produce or cause to be produced to Lead Counsel all of Nanophase's common stock transfer records which presently exist within its possession, custody or control for the period from November 26, 1997 through and including January 14, 1998 and, if such transfer records do not show the names and addresses of all transferees of Nanophase's common stock during such time period, Nanophase shall also produce or cause to be produced to Lead Counsel all other lists of the holders of Nanophase's common stock which lists were generated by or on behalf of Nanophase during the Class Period, if any, and any other documents or information necessary for the identification of class members which are within Nanophase's possession, custody or control. Nanophase shall also produce or cause to be produced to Lead Counsel any available records showing any changes of address for members of the Class. Nanophase is directed to advise Lead Counsel of the availability in computerized format of any of the data referred to in this paragraph and to cooperate in producing or causing the production of such data in computer usable form.

(b) No later than December 18, 2000, the Underwriter Defendants shall use their best efforts to provide to Lead Counsel for Plaintiffs records of customer transactions in Nanophase common stock during the Class Period, whether in computer type or hard copy format, maintained by the Underwriter Defendants sufficient to identify, if possible, each of the customers in such transactions during the Class Period.

4

(c) No later than December 18, 2000, Nanophase shall obtain from Depository Trust Company and produce to Lead Counsel for Plaintiffs those records identifying the securities brokers who held Nanophase common stock through Cede & Co, at the beginning and the end of the Class Period, and the number of shares held by each such broker;

(d) Not later than December 28, 2000 (the "Notice Date"), Plaintiffs' Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the form annexed as Exhibits 1 and 3, to be mailed by first class mail to all Class members reasonably identified by the records provided to Lead Counsel for Plaintiffs;

(e) Not later than seven business days after the Notice Date, Plaintiffs' Lead Counsel shall cause a Summary Notice, substantially in the form annexed as Exhibit 2, to be published on Business Wire;

(f) Lead Counsel shall also cause copies of the Notice and Proof of Claim to be mailed as soon as practicable to persons who indicate, in response to the Summary Notice or otherwise, that they purchased Nanophase common stock during the Class Period and to other persons who are identified as beneficial purchasers of Nanophase common stock during the Class Period; and

(g) At or prior to the Hearing provided for in numbered paragraph 5 of this Order, Lead Counsel shall serve on the Settling Defendants' Counsel and file with the Court proof, by affidavit or declaration under penalty of perjury, of such publication and mailing.

9. All members of the Class shall be bound by all determinations and judgments in the Action concerning the settlement, whether favorable or unfavorable.

10. All members of the Class who wish to be excluded from the Class must file a request for exclusion in the manner described in the Notice postmarked at least twenty (20) days before the hearing date set forth in paragraph 6 above. Any person not filing a valid and timely request for exclusion shall be considered a member of the Class. Lead Counsel for Plaintiffs shall provide a copy of all exclusion requests to David L. Weinstein, Esq., on behalf of all Defendants, as follows: exclusion requests which are timely filed shall be transmitted to David L. Weinstein, Esq. as soon as practicable after receipt by Lead Counsel for Plaintiffs and in no event less than fifteen (15) days before the hearing date set forth in paragraph 5 above, and exclusions requests which are not timely filed shall be delivered as soon as practicable following receipt by Lead Counsel for Plaintiffs.

11. Members of the Class who wish to participate in the Settlement Fund shall complete and timely submit Proofs of Claim in accordance with the instructions contained therein. All Proofs of Claim must be filed no later than 120 days from the date of the Settlement Hearing.

12. Any member of the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any member of the Class does not enter an appearance, he, she or it will be represented by Lead Counsel.

13. Pending final determination of whether the Settlement should be approved, neither the plaintiffs nor any member of the Class either directly, representatively, or in any other capacity, shall commence against any Defendant or any of the Released Parties any action or proceeding in any court or tribunal asserting any of the Settled Claims.

14. Pending final determination of whether the Settlement should be approved, all discovery and all proceedings in the Action are stayed, except for proceedings relating to the Settlement.

15. Any member of the Class who has not requested exclusion may appear with or without counsel, and show cause, if he, she or it has any, why the proposed settlement of the Action should or should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered thereon, or why attorneys' fees and expenses and interest thereon should or should not be awarded to Lead Counsel in the amount requested, or why the allocation of the Settlement Fund should not be approved; provided, however, that no member of the Class or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the judgment to be entered thereon approving the same, the attorneys' fees and expenses and interest thereon to be awarded to Lead Counsel or the allocation of the Settlement Fund, unless on or before twenty (20) days prior to the Hearing that person has served by hand or by first class mail written objections and copies of any papers and briefs upon:

        Edwin J. Mills
        **STULL, STULL & BRODY**
        6 East 45th Street
        New York, N.Y. 10017
        (212) 687-7230
        **On Behalf of Plaintiffs**

        -and-

        David L. Weinstein, Esq.
        Michael Dockterman, Esq.
        WILDMAN HARROLD ALLEN & DIXON
        225 West Wacker, Suite 3300
        Chicago, IL 60606
        (312) 201-2685
        **On Behalf of Defendants**

and filed said objections, papers and briefs with the Clerk of the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604 (which may be done by first class mail). Any member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Stipulation, or to the award of attorneys' fees and expenses and interest thereon to Lead Counsel, unless otherwise allowed by the Court for good cause shown.

16. Upon the Effective Date of the Settlement, all members of the Class, whether or not they file a Proof of Claim within the time provided for, and whether or not they participate in the Settlement Fund, shall be barred from asserting any Settled Claims, and any such member of the Class shall be conclusively deemed to have released Defendants and the Released Parties from any and all such Settled Claims, including unknown claims.

17. All papers in support of the Settlement, the allocation of the Settlement Fund and any application for attorneys' fees and reimbursement of expenses and interest thereon and awards to plaintiffs shall be filed at least seven (7) days prior to the Hearing.

18. All reasonable costs incurred in identifying and notifying members of the Class, as well as administering the Settlement, shall be paid out of the Settlement Fund as set forth in the Stipulation.

19. Pursuant to the Private Securities Litigation Reform Act of 1995, the Court expressly finds good cause to allow the filing under seal of that part of the Stipulation and the Settlement as specifies the amount or percentage of exclusion requests which would provide the Settling Defendants the option to withdraw from the Settlement. Filing of that portion of the Stipulation of

8

Settlement without the protection of filing under seal would enable any person or persons, acting singly or collectively, to make their exclusion election with a view to jeopardizing the Settlement and thereby enhancing their own bargaining position or leverage vis-a-vis the Settling Defendants.

20. The Court reserves the right to adjourn the date of the Hearing and any adjournment thereof without further notice to members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Dated: Chicago, Illinois

_____, 2000

SO ORDERED:

_____
David H. Coar
United States District Judge   DEC 6 - 2000

C:\Nanophase Settlement\Nanophase - Order-preliminary order-11-3-2000.wpd

9