Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 3450 | DATE | 3/27/2001 |
| CASE TITLE | In Re: IN RE: NANOPHASE TECHNOLOGIES | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Fairness hearing held, there being no objections to the settlement and only 1 opt out, the Court finds that this case satisfies all of the requirements for settlement class certification under FRCP 23(a) and (b)(3). Plaintiff's Motion for Final Approval of Class Action Settlement is Granted. Plaintiff's Motion for an award of attorneys' fees and reimbursement of expenses out of settlement fund is granted. The Court awards class counsel, in the aggregate $1,341,532.00 in attorneys' fees and $87,527.56 as reimbursement of expenses. Pursuant to Rule 54(b), there is no just reason for delay and entry of this Order and Judgment of Dismissal and the Clerk of the Court is directed to enter this Judgment forthwith. Any pending motions are moot an terminated. ENTER ORDER AND FINAL JUDGMENT. This order relates to all actions except 98 C 7447. Case is closed
(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 28 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | *eav* docketing deputy initials | 170 |
| | Mail AO 450 form. | FILED FOR DOCKETING | |
| | Copy to judge/magistrate judge. | 01 MAR 27 PM 3: 37 | |
| | | | date mailed notice |
| PAMF | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 28 2001

In re: NANOPHASE TECHNOLOGIES ) No. 98 C 3450
CORPORATION SECURITIES LITIGATION )
) Judge
) David H. Coar
)
)
THIS DOCUMENT RELATES TO: ) Magistrate Judge
ALL ACTIONS EXCEPT 98 C 7447 ) Martin C. Ashman
)

MAR 28 2001

## ORDER AND FINAL JUDGMENT

Plaintiffs and the Settling Defendants (the Settling Defendants are Nanophase Technologies Corporation ("Nanophase" or "the Company"), Leonard A. Batterson, Robert W. Cross, Dennis J. Nowak, Steven Lazarus, Robert W. Shaw, Richard W. Siegel, Donaldson, Lufkin & Jenrette Securities Corp., Furman Selz LLC and CIBC Oppenheimer Corp.), as those terms are defined in the Stipulation of Settlement dated November 14, 2000, (the "Stipulation"), having executed and filed the Stipulation; the Court having entered its Preliminary Approval Order thereon on December 6, 2000, directing that notice of the proposed settlement of the action be mailed to the Class and scheduling a hearing to be held to determine whether the proposed settlement should be approved as fair, reasonable and adequate, to approve the allocation of the Settlement Fund and to award fees and reimbursement of expenses to Plaintiffs' Counsel; said notice having been given; a hearing having been held on March 27, 2001, at which all interested persons were given an opportunity to be heard; and the Court having read and considered all

C:\Nanophase Final Judgment Order - 11-13-00

170

submissions in connection with the proposed settlement, and having reviewed and considered the files and records herein, the Court finds and concludes that:

The above-captioned action (the "Action") was commenced in June 1998, and the Corrected Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws ("the Complaint") was filed on November 22, 1998. In the Complaint Plaintiffs have sought to represent a Class ("the Class") consisting of all persons who purchased the common stock of Nanophase Technologies Corporation ("Nanophase") between November 26, 1997 and January 8, 1998, inclusive, other than Defendants, officers and directors of Nanophase, members of the immediate families of such officers and directors, and the subdivisions and/or affiliates of Nanophase. The Class does not include Harbour Court LPI or any members of the class of former preferred shareholders of Nanophase as asserted in Harbour Court LPI v. Nanophase Technologies Corporation, et al., 98 C 7447 (N.D. Ill.), with respect to any claims asserted in Harbour Court LPI v. Nanophase Technologies Corporation, et al., 98 C 7447 (N.D. Ill.). The conversion of Nanophase preferred stock into Nanophase common stock upon the IPO shall not be deemed to be a purchase of Nanophase common stock for purposes of the Class definition and, accordingly, the Class does not include persons whose only claim is that they owned Nanophase preferred stock prior to Nanophase's IPO and whose preferred stock was converted into common stock upon the IPO.

The Complaint alleges claims for violations of Sections 11 and 12 (a)(2) of the Securities Act of 1933. All Settling Defendants have filed Answers to the Complaint denying all of the material allegations of the Complaint and stating affirmative defenses as to both liability and damages.

The Stipulation between and among the Plaintiffs and the Settling Defendants provides for the settlement of the Action on behalf of the Plaintiffs and all members of the Class with the Settling Defendants subject to approval by this Court of its terms and to the entry of this Judgment. The Court scheduled a hearing to consider the approval of the Stipulation, and directed that notice of the proposed settlement and hearing be mailed to Class Members.

In accordance with the Stipulation, and an Order of the Court entered on December 6, 2000, Plaintiffs mailed to the Class a notice (the "Notice") dated December 28, 2000 and caused to be published in Business Wire a summary notice (the "Summary Notice") of the proposed settlement of the Action and of the opportunity to object to or be excluded from the Settlement. Affidavits and/or declarations of mailing of the Notice and publication of the Summary Notice were filed with the Court on March 20, 2001.

The Notice and Summary Notice provided to Class Members constitute the best notice practicable under the circumstances and include individual notice to all members of the Class who could be identified by reasonable effort. The affidavits or declarations of mailing filed with this Court on March 20, 2001 demonstrate that this Court's Order with respect to the Notice and Summary Notice has been complied with and further, that the best notice practicable under the circumstances was in fact given and constituted valid, due, and sufficient notice to members of the Class, complying fully with due process, Rule 23 of the Federal Rules of Civil Procedure, and section 21(D)(a)(7) of the Exchange Act, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995.

Plaintiffs and the Settling Defendants have applied to the Court for approval of the terms of the Stipulation and for the entry of this Judgment. Pursuant to the Notice and Summary

Notice, and upon notice to all parties, a hearing was held before this Court on March 27, 2001, to consider whether the settlement set forth in the Stipulation should be approved by this Court as fair, reasonable, and adequate and to award attorneys' fees and reimbursement of expenses, plus interest, to Plaintiffs' Counsel.

NOW THEREFORE, GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The definitions set forth in the Stipulation are incorporated herein.

2. The Court finds that this case satisfies all of the requirements for settlement class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). Specifically, the Court finds that:

  (a) the Settlement Class is so numerous that joinder of all members is impracticable;

  (b) there are questions of law or fact common to the Settlement Class;

  (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class;

  (d) Plaintiffs will fairly and adequately protect the interests of the Settlement Class;

  (e) the questions of law or fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

3. The members of the Settlement Class who have filed timely and valid requests for exclusion are not bound by this Judgment. The one class member who has timely and validly requested exclusion is Mr. Edward Vanderheusen.

4. All members of the Settlement Class, as above defined, who have not submitted a timely and valid request for exclusion are bound by this Judgment and by the Settlement, including the releases provided for in this Judgment.

5. The Stipulation and the Settlement are not an admission by the Defendants, or by Plaintiffs or the Class, nor is this Judgment a finding with respect to the validity of any claims or defenses in the Action or of any wrongdoing, or lack thereof, by Defendants. Furthermore, neither the Stipulation nor the Settlement is a concession by any Defendant, or by any Plaintiff or Class Member, and neither shall be used as an admission of any fault or omission, or lack thereof, by any person. Neither this Judgment, the Stipulation nor any document referred to herein nor any action taken to carry out the Stipulation is, may be construed as, or may be used as an admission by or against the Defendants, the Plaintiffs, or the Class of any fault, wrongdoing or liability whatsoever, or of any lack thereof. Entering into or carrying out the Stipulation, and the Exhibits thereto, and any negotiations or proceedings related thereto shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses of any of the Defendants, or the claims of any of the Plaintiffs or the Class, and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, other than to enforce the provisions of this Judgment, the Stipulation, or any related agreement or release; except that the Stipulation and the Exhibits may be filed in this Action or related litigation as evidence of the

Settlement or in any subsequent action against or by any party, including any Released Party and any member of the Class and any counsel thereto, to support a defense of <u>res judicata</u>, collateral estoppel, release, or other theory of issue preclusion or similar defense.

6.  The Stipulation and the Settlement are fair, reasonable and adequate as to the Class, and the Stipulation and the Settlement are hereby finally approved in all respects, and the parties to the Stipulation are hereby directed to consummate and perform its terms.

7.  The Action is dismissed with prejudice as to Defendants and without costs to any party as against any other.

8.  On the Effective Date as defined in the Stipulation, the Settling Defendants shall be deemed to release and discharge Plaintiffs, Class Counsel and all members of the Class unconditionally and forever from all claims, rights, liabilities and causes of action in connection with the institution, prosecution or resolution of this Action or the Settled Claims.

9.  On the Effective Date as defined in the Stipulation, each Plaintiff and member of the Class who has not submitted a timely and valid request for exclusion shall be deemed to fully, finally and forever settle and release any and all Settled Claims against the Defendants and the Released Parties, including all claims known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed, and without regard to the subsequent discovery or existence of different or additional facts. Such settlement and release shall not be construed as releasing, dismissing or discharging Defendants or the Released Parties with respect to any claims of any members of the class of former preferred stockholders of Nanophase as asserted in <u>Harbour Court LPI v. Nanophase</u>

C:\Nanophase Final Judgment Order - 11-13-00          6

Corporation, et al., 98 C 7447 (N.D. Ill.) with respect to the claims that are asserted in Harbour Court LPI v. Nanophase Technologies Corporation, et al., 98 C 7447 (N.D. Ill.).

10. Each member of the Class who did not timely and validly request exclusion is barred and permanently enjoined from commencing and prosecuting, either directly, representatively, or in any other capacity, against the Defendants and the Released Parties, any and all of the Settled Claims.

11. Members of the Class who have validly and timely requested exclusion may pursue their own individual remedies, if any.

12. The Court reserves jurisdiction, without affecting the finality of this Judgment, over: (a) implementation and enforcement of this Settlement and the Stipulation and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) enforcing and administering the Stipulation including any releases executed in connection therewith; and (d) other matters related or ancillary to the foregoing.

13. Any determination by the Claims Administrator as to the sufficiency of the claim of any Class Member, or the amount of that claim, either in dollar amount or as a percentage of the Net Settlement Fund, shall be conclusive unless the Class Member timely files an application with the Court disputing the determination.

14. In the event that the Settlement does not become effective or is canceled or terminated in accordance with the terms and provisions of the Stipulation, then this Judgment shall be rendered null and void and be vacated, and all orders entered in connection therewith by this Court shall be rendered null and void.

15. The costs and expenses associated with the consummation and/or administration of the Settlement shall be paid pursuant to the terms of the Stipulation.

16. The Court awards Class Counsel, in the aggregate $ 1,341,532 in attorneys' fees and $ 87,527.56 as reimbursement of expenses. The fees and expenses shall be paid to Lead Counsel out of the Gross Settlement Fund, pursuant to paragraph C3 of the Stipulation, five (5) business days after the later of the following two events: the Effective Date (as defined in the Stipulation) and the date the order awarding fees and expenses (whether this Final Judgment or any other order) becomes final. Lead Counsel shall distribute the fees and expenses among Plaintiffs' Counsel in such amounts as shall reflect the judgment of Lead Counsel as to the respective contributions of Plaintiffs' Counsel to the Action and the Settlement.

17. It is expressly determined within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delay and entry of this Order and Judgment of Dismissal and the Clerk of the Court is directed to enter this Judgment forthwith.

Dated: Chicago, Illinois
MAR 27 2001, 2001

SO ORDERED:

_____
David H. Coar
United States District Judge

C:\Nanophase Settlement\Nanophase-final Judgment-Order-11-13-2000.wpd-March 26, 2001