# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| In Re NANOPHASE TECHNOLOGIES CORPORATION SECURITIES LITIGATION ) ) ) | No. 98 C 3450 |
| This Document Relates To: All Actions Except 98 C 7447 (<u>Harbour Court LPI v. Nanophase Technologies Corp.</u>) ) ) ) ) ) ) | Judge David H. Coar |

**DOCKETED**
DEC 1 4 2001

**FILED**
DEC - 6 2001

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TO:     Counsel for Defendants (See Attached Service List)

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on Thursday, December 13, 2001, at 9:15 a.m., Lead

Plaintiffs, by counsel, will present the attached Plaintiffs' Motion For An Order Adopting The

Recommendations Of The Claims Administrator As To Class Member Claims, Compensating

The Claims Administrator, and Directing Distribution Of The Net Settlement Fund before the

Honorable David H. Coar in Courtroom 1419 at the United States District Court, 219 S.

Dearborn Street, Room 1419, Chicago, Illinois.

_____
One of the Attorneys for Lead Plaintiffs

Edwin J. Mills
Jules Brody
STULL, STULL & BRODY
6 East 45th Street
New York, New York 10017
(212) 687-7230

Chair of Plaintiffs'
Executive Committee

Robert D. Allison
ROBERT D. ALLISON & ASSOCIATES
122 S. Michigan Ave., Suite 1850
Chicago, Illinois 60603
(312) 427-7600

Co-Liaison Counsel for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

*FILED*

DEC - 6 2001

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

---------------------------------------------x

In Re NANOPHASE TECHNOLOGIES   :
CORPORATION SECURITIES          :
LITIGATION                            :

-------------------------------------------:

This Document Relates To All Actions   :
Except 98 C 7447                    :

                                  :

---------------------------------------------x

No. 98 C 3450

Judge David H. Coar

*DOCKETED*

DEC 1 4 2001

**PLAINTIFFS' MOTION FOR**
**AN ORDER ADOPTING THE RECOMMENDATIONS OF THE CLAIMS**
**ADMINISTRATOR AS TO CLASS MEMBER CLAIMS, COMPENSATING THE**
**CLAIMS ADMINISTRATOR, DIRECTING DISTRIBUTION OF THE**
**NET SETTLEMENT FUND AND GRANTING OTHER RELIEF**

Lead Plaintiffs in this settled class action case, by their undersigned counsel, hereby respectfully move the Court for entry of an Order adopting the recommendations of the Claims Administrator as to class member claims, compensating the Claims Administrator, directing distribution of the Net Settlement Fund and granting other relief. A proposed form of Order accompanies this Motion.

In support of this Motion Lead Plaintiffs rely on the Declaration of Edwin J. Mills, Chair of Plaintiffs' Executive Committee, executed on November 30, 2001 and the Affidavit of Michael Rosenbaum of David Berdon & Co. LLP, Claims Administrator, sworn to November 28, 2001, submitted herewith.

Dated: December 3, 2001

STULL, STULL & BRODY

Edwin J. Mills
6 East 45th Street
New York, NY 10017
212-687-7230

Chair of Plaintiffs' Executive Committee

181

WOLF POPPER LLP
Lester L. Levy
Chet B. Waldman
Les Levy
845 Third Avenue
New York, NY 10022
212-759-4600

LOWEY DANNENBERG BEMPORAD
   & SELINGER, P.C.
Neil L. Selinger
David C. Harrison
One North Lexington Avenue, 11th Floor
White Plains, NY 10601
914-997-0500

Plaintiffs' Executive Committee[1]


ROBERT D. ALLISON & ASSOCIATES
Robert D. Allison
122 South Michigan Ave., Suite 1850
Chicago, IL 60603
312-427-7600

and

SUSMAN & WATKINS
Charles R. Watkins
Two First National Plaza, Suite 600
Chicago, IL 60603
312-346-3466

Plaintiffs' Liaison Counsel


MILBERG WEISS BERSHAD HYNES
   & LERACH LLP
Joshua H. Vinik
One Pennsylvania Plaza
New York, NY 10119

---

[1]   Wolf Haldenstein Adler Freeman & Herz LLP is also a member of Plaintiffs' Executive Committee. Minute Order dated September 27, 1999. Because, however, this document does not include or affect the Harbour Court action, Case No. 98 C 7447, Wolf Haldenstein should not be regarded as a signatory to, or otherwise responsible for, this document.

BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
Daniel L. Berger
Rochelle Feder Hanson
1285 Avenue of the Americas
New York, NY  10019

RABIN & PECKEL LLP
I. Stephen Rabin
275 Madison Avenue
New York, NY  10016

FUTTERMAN & HOWARD, CHTD.
Ronald L. Futterman
122 South Michigan Ave., Suite 1850
Chicago, IL  60603

FRUCHTER & TWERSKY
Jack G. Fruchter
60 East 42nd Street
New York, NY  10165

THE LAW OFFICE OF LEO W. DESMOND
Leo W. Desmond
2161 Palm Beach Lakes Blvd.
West Palm Beach, Florida  33409

Plaintiffs' Counsel

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

```
-----------------------------------------------------x
                                            :
In Re NANOPHASE TECHNOLOGIES              :        No. 98 C 3450
CORPORATION SECURITIES                     :
LITIGATION                                 :        Judge David H. Coar
                                            :
-----------------------------------------------------:
                                            :
This Document Relates To All Actions       :
Except 98 C 7447                           :
                                            :
-----------------------------------------------------x
```

## [PROPOSED] ORDER ADOPTING THE RECOMMENDATIONS OF THE CLAIMS ADMINISTRATOR AS TO CLASS MEMBER CLAIMS, COMPENSATING THE CLAIMS ADMINISTRATOR, DIRECTING DISTRIBUTION OF THE NET SETTLEMENT FUND AND GRANTING OTHER RELIEF

WHEREAS, Lead Plaintiffs in this settled class action case, by Lead Counsel, have moved the Court for an Order adopting the recommendations of the Claims Administrator as to class member claims, compensating the Claims Administrator, directing distribution of the Net Settlement Fund and granting other relief;

WHEREAS, pursuant to the Stipulation of Settlement dated November 14, 2000, defendants' insurer has caused to be created a settlement fund in the aggregate amount of $4,025,000, the net proceeds of which, after certain Court-approved payments and deductions, constitutes the Net Settlement Fund which is to be divided, in accordance with the Stipulation of Settlement, among all class members who submit timely and valid proof of claim forms;

WHEREAS, on December 6, 2000, the Court entered an Order preliminary approving the proposed Settlement and authorizing Plaintiffs' Executive Committee for the Class to notify members of the Class of the proposed Settlement;

WHEREAS, Plaintiffs' Executive Committee has, pursuant to the Stipulation of Settlement, retained the accounting firm of David Berdon & Co. LLP to serve as Claims Administrator;

WHEREAS, on March 27, 2001, the Court entered a Final Judgment of Dismissal with Prejudice approving the fairness of the proposed Settlement on the terms set forth in the Stipulation of Settlement, directing the compensation of Class Counsel, and reserving jurisdiction, without affecting the finality of the Final Judgment of Dismissal With Prejudice, over, among other things, disposition of the Settlement Fund;

WHEREAS, the Claims Administrator has completed all of the administrative procedures necessary for the distribution of the Net Settlement Fund to all eligible claimants, and the Claims Administrator can promptly effect distribution of the Net Settlement Fund upon Court approval. See Affidavit of Michael Rosenbaum of David Berdon & Co. LLP, sworn to November 28, 2001 (the "Rosenbaum Affidavit");

WHEREAS, the Claims Administrator has represented to the Court that 450 of the Proof of Claim and Release Forms submitted to the Claims Administrator have been properly documented and determined to be valid claims and are, therefore, being recommended to the Court for acceptance. See Rosenbaum Affidavit ¶ 7a;

WHEREAS, the Claims Administrator has further represented to the Court that 26 Proof of Claim and Release Forms did not adequately document the claims, after being given ample notice and opportunity to do so and such claims are, therefore, being recommended for rejection. See Rosenbaum Affidavit ¶ 7b;

WHEREAS, the Claims Administrator has further represented to the Court that 43 Proof of Claim and Release Forms submitted to the Claims Administrator have been determined to represent ineligible claims and such claims are, therefore, being recommended to the Court for rejection. See Rosenbaum Affidavit ¶ 7c;

WHEREAS, the Claims Administrator has submitted sworn proof of its services rendered herein in providing notice to the Class, in administering the Settlement Fund, in examining each of

the Proof of Claim and Release forms which had been submitted to the Claims Administrator and in providing other services, and the Claims Administrator has represented that its fees for such services amount to $30,000.00. See Rosenbaum Affidavit ¶ 9 and Exhibit G;

WHEREAS, the Claims Administrator has also represented that it has incurred or will incur expenses in the amount of $4,384.78 during the course of the claims administration. See Rosenbaum Affidavit ¶ 10 and Exhibit G;

WHEREAS, Edwin J. Mills of Stull, Stull & Brody, Chair of Plaintiffs' Executive Committee, has submitted sworn proof supporting the recommendations of the Claims Administrator with respect to the acceptance and rejection of Class member claims, with respect to the fairness of the compensation and expense amounts requested by the Claims Administrator, and requesting the payment out of the Settlement Fund of $588.56 in unreimbursed expenses by Stull, Stull & Brody. See Declaration of Edwin J. Mills executed on November 30, 2001 (the "Mills Declaration"); and

WHEREAS, Lead Counsel for the Class has recommended that any balance of the Net Settlement Fund remaining after distribution to eligible claimants be contributed to the National Multiple Sclerosis Society.

NOW, THEREFORE, having duly considered the Motion, the Mills Declaration and Rosenbaum Affidavit, and the Court being duly advised in the premises, it is hereby ORDERED as follows:

1.      The Court adopts the recommendations of the Claims Administrator with respect to the acceptance and rejection of Class member claims as set forth in the Rosenbaum Affidavit and the exhibits thereto.

2.      The claims of those person identified in Exhibit C to the Rosenbaum Affidavit, including those persons who submitted claims after the initial submission deadline established by the Court, are allowed.

3.      For good cause shown, and after sufficient notice and opportunity to be heard was given, the claims of those persons identified in Exhibits D and E of the Rosenbaum Affidavit are rejected, and such persons are barred from asserting claims arising from the claims administration process herein against the Claims Administrator, against Class Counsel, against defendants and/or defendants' insurer and against the Settlement Fund.

4.      The Court approves the payment to David Berdon & Co. LLP, Claims Administrator, in the aggregate amount of $34,384.78 for services rendered and expenses incurred and to be incurred by the Claims Administrator in the course of claims administration. The Court directs that such payment be made to the Claims Administrator out of the Net Settlement Fund as soon as practicable.

5.      The Court further directs that payment in the amount of $588.56 be made to Stull, Stull & Brody out of the Net Settlement Fund as soon as practicable.

6.      After the payments to the Claims Administrator and Stull, Stull & Brody as set forth in this Order, and after the payment, or the reserve for payment, of any and all taxes which are or may become owing on the Net Settlement Fund, the Claims Administrator shall promptly distribute the balance of the Net Settlement Fund to and among those persons whose claims have been accepted as set forth in the Rosenbaum Affidavit and the exhibits annexed thereto.

7.      Any balance of the Net Settlement Fund which is remaining after distribution to eligible claimants and after a reasonable time has elapsed to allow such claimants to cash their settlement checks shall be contributed to the National Multiple Sclerosis Society.

8.      Without in any way affecting the Final Judgment of Dismissal With Prejudice dated March 27, 2001 previously entered in this action, upon distribution of the Net Settlement Fund and full compliance with this Order, the parties to the Stipulation of Settlement, their agents and attorneys and the Claims Administrator shall be deemed to be conclusively released from any claims

arising out of or in any way relating to the Settlement and the claims administration herein.

Dated: Chicago, Illinois
_____, 2001

**SO ORDERED:**

_____

David H. Coar
United States District Judge

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

```
-----------------------------------------------x
                                               :
In Re NANOPHASE TECHNOLOGIES               :       No. 98 C 3450
CORPORATION SECURITIES                     :
LITIGATION                                 :       Judge David H. Coar
                                           :
-----------------------------------------------:
                                           :
This Document Relates To All Actions       :
Except 98 C 7447                           :
                                           :
-----------------------------------------------x
```

## <u>DECLARATION OF EDWIN J. MILLS</u>

1.      I am of counsel to Stull, Stull & Brody. Stull, Stull & Brody has been designated
Chair of Plaintiffs' Executive Committee for the Lead Plaintiffs and the Class by previous order
of this Court. I am thoroughly familiar with all aspects of this litigation, including the settlement
thereof and the recent class notice and claims administration procedures which have been
employed to arrange for distribution of the Net Settlement Fund to eligible claimants.

2.      As part of the claims administration, I have worked closely with David Berdon &
Co. LLP, the Claims Administrator, in giving notice to the Class members and in assisting all
class members who wished to file claims to the Settlement Fund to file such claims in a timely
and acceptable manner.

3.      I have reviewed the Affidavit of Michael Rosenbaum of David Berdon & Co.
LLP, Claims Administrator, sworn to November 28, 2001 ("Rosenbaum Affidavit") submitted
herewith and the recommended acceptance and rejections of claims set forth therein and in the
exhibits thereto. I am also familiar with the underlying procedures utilized by Berdon, including
the standards used by Berdon in reaching their recommendations and the procedures utilized by
Berdon, discussed in the Rosenbaum Affidavit, to provide to all Class members, whose claims

were initially deemed deficient for any reason, the opportunity to submit an acceptable claim.

4.      I request that the Court approve the claims determinations set forth in the
Rosenbaum Affidavit and the exhibits thereto.

5.      I have also reviewed the request for compensation and expenses set forth in the
Rosenbaum Affidavit and believe the request to be fair and reasonable in light of the services
rendered by Berdon, the passage of time during which Berdon has rendered services without
compensation, and other relevant considerations.  I request that the Court approve the fee and
expense request set forth in the Rosenbaum Affidavit.

6.      Since submitting to the Court my Declaration executed on March 16, 2001 in
connection with the settlement and fee hearing held on March 27, 2001, my firm has expended a
considerable amount of attorney time in connection with settlement administration and related
matters.  No request for compensation is being made with respect to these attorney hours.
Further, no request for compensation or reimbursement of expenses is being made in connection
with this Motion or the hearing on this Motion.  However, my firm has incurred additional out-
of-pocket expenses since my March 16, 2001 Declaration in the amount of $588.56, consisting
principally of my travel expenses for participation at the settlement and fee hearing held on
March 27, 2001 in the aggregate amount of $317.50, and additional expenses for copies,
overnight delivery service and postage in the aggregate amount of $271.06.  Accordingly, I
respectfully request that the Court direct reimbursement to Stull, Stull & Brody in the amount of
$588.56 out of the Net Settlement Fund.

7.      I also request that the Court permit and direct any balance which is remaining in
the Net Settlement Fund after the distribution to eligible claimants and after a reasonable time
has elapsed to allow such claimants to cash their settlement checks to be contributed to the
National Multiple Sclerosis Society.  In support of this request the Court is respectfully referred

2

to Judge Plunkett's February 10, 1999 distribution order in <u>In re Caremark International, Inc.</u>

<u>Securities Litigation</u>, No. 94 C 4748 (N.D. Ill.), which is annexed hereto as Exhibit A.

    I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on November 30, 2001.

                                                   _____
                                               Edwin J. Mills

3

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
-------------------------------------X
                                     :
IN RE CAREMARK INTERNATIONAL         :    Case No. 94 C 4751
INC. SECURITIES LITIGATION           :                          JAN 20 1999
                                     :
-------------------------------------:    Honorable Paul E. Plunkett
                                     :
THIS DOCUMENT RELATES TO:            :         CLERK, U.S. DISTRICT COURT
ALL ACTIONS                          :
-------------------------------------X
```

## ORDER APPROVING DISTRIBUTION OF THE NET SETTLEMENT FUND

WHEREAS, on December 15, 1997, this Court entered a Final Judgment approving the terms of provisions of the Stipulation of Settlement in this class action and awarding counsel fees and expenses; and

WHEREAS, this Court has retained and reserved jurisdiction over this action for purposes of effectuating and enforcing the settlement; and

WHEREAS, this Court having been advised by Plaintiffs' Counsel that the Net Settlement Fund is ready to be distributed to Authorized Claimants in accordance with the terms and provisions of the Stipulation of Settlement previously approved by the Court; and

WHEREAS, Class Counsel has recommended that any balance of the Net Settlement Fund remaining after distribution to the Authorized Claimants and payment of income taxes be contributed to the National Multiple Sclerosis Society;

NOW, THEREFORE, upon reading and filing the affidavit of Lester L. Levy, Esq. sworn to on January 19, 1999, and the affidavit of Donald B. Kahaner, executed on January 6, 1999, and upon all of the prior proceedings heretofore had herein and after due deliberation, it is

ORDERED, that the Net Settlement Fund consisting of approximately $17,075,000, subject to a reserve of approximately $75,000 for additional income taxes due, be

Doc#: 98140 Ver:1 2359:1016

EXHIBIT A TO DECLARATION
OF EDWIN J. MILLS

distributed to the Authorized Claimants set forth in Exhibit F to the affidavit of Donald B. Kahaner; and it is further

ORDERED, that the claims set forth in Exhibits C and E to the affidavit of Donald B. Kahaner are rejected; and it is further

ORDERED, that any balance of the Net Settlement Fund remaining after distribution to the Authorized Claimants and a reasonable time has elapsed to allow Authorized Claimants to cash their distribution checks, be contributed to the National Multiple Sclerosis Society; and it is further

ORDERED, that the parties, counsel herein in any capacity in which they may act hereunder, and any employees or agents of such law firms or the parties (including without limitation those employees who may furnish services in connection with the Settlement) shall not be liable for anything done or omitted to be done in connection with the settlement and the administration thereof except for their own willful misconduct, and it is further

ORDERED, that the Court retain jurisdiction over any further application or matter which may arise in connection with this action.

Dated: ____February 10,____ 1999
       ~~January~~

_____
HON. PAUL E. PLUNKETT
UNITED STATES DISTRICT JUDGE

-2-

# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE NORTHEASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                     :
In re: NANOPHASE TECHNOLOGIES               :        No. 98 C 35340
CORPORATION SECURITIES LITIGATION           :
                                                     :        Judge David H. Coar
- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                     :        Magistrate Judge
THIS DOCUMENT RELATES TO                    :        Martin C. Ashman
ALL ACTIONS EXCEPT 98 C 7447                :
                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - x
```

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NASSAU         )

## AFFIDAVIT OF MICHAEL ROSENBAUM IN SUPPORT OF
## MOTION TO DISTRIBUTE NET SETTLEMENT FUND

MICHAEL ROSENBAUM, being duly sworn, deposes and says:

1. I am a partner in the firm of David Berdon & Co. LLP ("Berdon"), Claims Administrator in the above-captioned class action. I am and have been the person at Berdon primarily responsible for administering the settlement of this litigation and have worked with, and under the direction of, Edwin J. Mills, Esq. of the offices of Stull, Stull & Brody, Chair of Plaintiffs' Executive Committee ("Plaintiffs' Counsel"). This affidavit describes the claims administration process that Berdon has provided in this matter.

2. Berdon was retained by Plaintiffs' Counsel to arrange for the printing and mailing of the Notice of Class Action, Proposed Settlement and Hearing Thereon and the Proof of Claim and Release Form (collectively, the "Notice"). The Notice was mailed on December 28, 2000 to all persons and entities who purchased the common stock of Nanophase Technologies Corporation ("Nanophase") at any time from November 26, 1997 through and including January 8, 1998 (the "Class Period").

3.  In performing these tasks on behalf of Plaintiffs' Counsel, Berdon dealt directly with a financial printer with regard to the Notice. We made formatting suggestions to, and compiled comments from, counsel on the galley proofs of the Notice, causing the necessary revisions to be made. To effect the mailing, Berdon created mailing labels from lists of the names and addresses of Nanophase shareholders, identified from: (a) common stock transfer records and from the names and addresses of brokers, banks and other nominees identified from the Depository Trust Company Participant Positions Report, both furnished to this office by the Defendant Nanophase; and (b) customer transaction records, separately furnished to Berdon by the Underwriter Defendants. Mailing labels were also created from the names and addresses of: (a) the specific research and/or compliance personnel of brokers, banks and other nominees, identified from a data base created and maintained by Berdon; and (b) financial institutions identified by Vickers Directory of Institutional Investors as having held positions in Nanophase during the Class Period.

4.  Subsequent to the initial mailing of 3,819 copies of the Notice on December 28, 2000, Berdon received telephone and written requests for additional copies thereof from potential Class members and from banks, brokers and other nominees. Mailing labels for beneficial owners were also received from various nominees. As a result, to date Berdon has sent an additional 3,173 Notices to banks, brokers, other nominees and directly to individual potential Class Members.

5.  Pursuant to instructions from Plaintiff's Counsel, Berdon has reviewed and analyzed the Proof of Claim and Release Forms ("Proof(s) of Claim" or "claim form(s)") received from potential Class members. We have answered all questions regarding the action, the settlement and the procedures for filling out the claim forms. We were also in close contact with Plaintiffs' Counsel to review the administration process and to address concerns regarding claims that Berdon had deemed either questionable or problematic. All large individual and institutional claims were also reviewed individually and in great detail. Our final report (the "Summary of the Claims Administration Process"), which is described in detail below, is annexed hereto as **Schedule 1**.

6.  In reviewing the Proofs of Claim that have been submitted, Berdon determined that some were deficient or incomplete.  Among the various types of deficiencies found were: (a) claim forms were not filled out completely; (b) claim forms were not signed by the proper party, or at all; (c) individuals signing claim forms on behalf of others did not submit proof of authority to file on behalf of those claimants; or (d) claimants failed to submit adequate documentation of the purchases, sales or holdings of Nanophase common stock during the Class Period, or otherwise failed to give adequate information as to Class Period purchases, sales and/or holdings.  Berdon mailed letters to these claimants (**Exhibit A**), requesting that they cure the deficiencies in their claims, and they were given at least 20 days to do so.  In many cases the deficiencies were cured.  If the deficiencies were not cured, Berdon mailed final notices to these claimants (**Exhibit B**) and made follow-up telephone calls where further clarification was required with respect to supporting documentation.

7.  Berdon's "Summary of the Claims Administration Process" (**Schedule 1**) sets forth the final status of claims received by this office, detailed as follows:

a.  PROPERLY DOCUMENTED CLAIMS: Berdon has identified 450 properly documented claims, with Recognized Losses amounting to $4,894,871.03 (**Exhibit C**), which were calculated in the manner set forth in the Notice.  Included therein are 436 claims that were filed timely and 14 claims received after the filing deadline.  We have ascertained that the primary reason for late claims is that these claimants did not receive a Proof of Claim from their brokers in a timely manner.  We have therefore concluded that the reason for the late filings of these claims was through no fault of the beneficial holders, and we request that all valid and complete claims submitted late be approved as calculated.

b.  CLAIMS NOT DOCUMENTED: Berdon has identified 26 inadequately documented or completely undocumented claims, with Recognized Losses amounting to $56,359.84, which we recommend be rejected (**Exhibit D**).  As stated above, we have communicated with these claimants and have advised them of our determination.  None has objected to or contested this determination.

c.  <u>INELIGIBLE CLAIMS</u>: Berdon has identified 43 claims which we recommend for complete rejection **(Exhibit E)**.  Included in this category are: (i) claims with no purchases of Nanophase common stock made during the Class Period; and (ii) duplicate claims.  All of these claimants have been notified **(Exhibit F)**, and none has objected to or contested this determination.

8.  Pursuant to the Notice, each Authorized Claimant will receive a proportionate share of the Net Settlement Fund based upon the ratio of that Authorized Claimant's Recognized Loss to the aggregate of all Authorized Claimants' Recognized Losses.

9.  Berdon's fee for all services rendered in this case is $30,000.00.  Berdon's services are itemized in the annexed invoice **(Exhibit G)**, to which the Court is specifically referred.  The fee covers a variety of services, including, but not limited to: (a) creating databases and computer programming services, (b) arranging for the printing of the Notice; (c) creating mailing labels and generating lists of potential claimants for the initial Notice mailing; (d) fulfilling all subsequent requests from nominees and Nanophase beneficial owners for copies of the Notice; (e) reviewing and analyzing claims; (f) conducting follow-up fax and phone solicitations of nominees to reach their beneficial holders of Nanophase common stock; (g) providing telephone assistance to claimants and maintaining the Nanophase website; (h) calculating the Recognized Losses for ultimate distribution of the Net Settlement Fund; and (i) preparing  income tax returns. The amount of the fee was set by a letter agreement, dated October 5, 2000, between this office and Plaintiffs' Counsel.  The agreement states, in part, that if up to 1,500 claims are received, Berdon will bill at the rate of $12.50 per claim; that if more than 1,500 claims are received, Berdon will bill at the rate of $10.00 per claim; that if fewer than 2,000 claims are received, Berdon's fee will be $25,000.00; and that our fee for preparing tax returns will be $2,500.00 per year.

10. Additionally, during the course of the claims administration, this office has incurred, and will incur, the expenses included on **Exhibit G** in the total amount of $4,384.78.

11. Thus, as reflected on **Exhibit G**, Berdon's outstanding fees and expenses total $34,384.78.

MICHAEL ROSENBAUM

Sworn to before me this
28th day of November, 2001.

Notary Public

MARLENE HURWITZ
NOTARY PUBLIC, State of New York
No. 46-97422
Qualified in Nassau County
Commission Expires April 30, 2003

NANOPHASE SECURITIES LITIGATION
SUMMARY OF THE CLAIMS ADMINISTRATION PROCESS
AS OF NOVEMBER 28, 2001

Schedule 1

| | NUMBER OF CLAIMS | ALLOWED CLAIMS | DISALLOWED CLAIMS | TOTAL |
|---|---|---|---|---|
| Properly documented claims, which we recommend be included in the calculation of each claimant's allocable share of the Net Settlement Fund, including 14 claims received past the filing deadline (Exhibit C) | 450 | $ 4,894,871.03 | — | $ 4,894,871.03 |
| Undocumented claims, which did not include sufficient documentation of Class Period trading activity, and which we recommend not be included in the calculation of the allocable share of the Net Settlement Fund (Exhibit D) | 26 | — | $ 56,359.84 | 56,359.84 |
| Ineligible claims (Exhibit E) | 43 | — | — | |
| **Total** | 519 | $ 4,894,871.03 | $ 56,359.84 | $ 4,951,230.87 |

**EXHIBIT A**

NANOPHASE SECURITIES LITIGATION
c/o DAVID BERDON & Co. LLP
P.O. BOX 4171
GRAND CENTRAL STATION
NEW YORK, NY 10163

August   7, 2001

MISSING DOCUMENTATION LETTER
SAMPLE

Your Claim Number: Nanophase-1

Dear Claimant:

We acknowledge receipt of the Proof of Claim and Release form you filed in connection with the Nanophase Securities Litigation,  which has been  assigned  the above  claim number.

After careful examination of your claim, we have found  it to  be deficient  for  the following reason(s):

- Social Security number or Tax Id is missing. Please enter  the number  here  and return to the above address: _____

- Proper signature(s).  Please see  the attached copy of your  Proof of Claim  and Release and note that both/all signature are required for joint claims.

- You  did not  provide  documentation  for the purchase(s)  of shares of Nanophase Technologies  Corporation  common  stock  listed  below.  (The  best  form  of documentation  is one  of  the following:  a copy of your  brokerage  statement or confirmation slip;  a copy of Schedule D  for your tax return(s); a letter from the broker. The documentation must include the trade date, quantity, and cost of the shares purchased.)

  Date of purchase: 12/12/1997

  Date of purchase: 01/01/1998

- You did not  provide documentation  for  the sale(s)  of shares of  Nanophase Technolgies  Corporation  common  stock  listed  below.  (The  best  form  of documentation  is one  of  the following:  a copy of your  brokerage  statement or confirmation slip;  a copy of Schedule D  for your tax return(s);  a letter from the  broker.  The  documentation  must  include  the trade date,  quantity,  and proceeds for the shares sold.)

  Date of sale: 12/02/1997

  Date of sale: 01/03/1998

- You  did not  provide  documentation  for the shares  of Nanophase Technologies Corporation common stock held at the close of trading  on January 8, 1998.  (The best form of documentation is one of the following:  a copy of your January 1998 brokerage statement; a copy of Schedule D for your tax return(s);  a letter from the broker.

- Other (if applicable): _____

  _____

MISSING DOCUMENTATION LETTER

August  7, 2001

The above requested information must be provided within  twenty (20)  days  from  the date of this letter.

Please be advised that  distribution  cannot  be made  until  all  claims  have  been examined and evaluated. The distribution of settlement  will  be made  in accordance with the Plan of  Allocation  as described  in the Notice  of Class Action,  Proposed Settlement  and Hearing  Thereon.  Distribution  of the  Net Settlement Fund  is also subject to final approval by the Court.

Should  you  have  any  questions  regarding  this  letter,  please  contact  us  at 1-800-766-3330.

It is extremely important that you advise us of any change of address by mail to  the above address, or by fax at 516-931-0810.

Very truly yours,

Claims Administrator
Nanophase Securities Litigation

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

*In re: Nanophase Technologies Corporation Securities Litigation*
NO. 98 C 3450

August  7, 2001

Your Claim Number: Nanophase-1

**CERTIFICATION**

I (We) certify that I am (we are) not subject  to backup withholding.  **(If you have been notified by the IRS that you are subject to backup  withholding,  strike out the previous sentence.)**

I (We) declare  and  affirm  under  penalties  of perjury  that  the foregoing statements and the documents attached hereto,  including  the Social  Security  or Employer Identification  Number  shown  on this  Proof  of Claim  Form,  are true, correct and complete.

Date:___/___/___    SIGNATURE of Claimant _____    (Type or print name) _____

Date:___/___/___    SIGNATURE of Joint Claimant _____    (Type or print name) _____

If the Claimant is other than an individual, or if the  Claimant  is  not  the person completing this form, the following must also be provided:

Capacity of Person Signing _____    Name of Person Signing _____

If the Claimant is a brokerage firm, bank, financial institution, corporation, partnership or limited partnership, the certification must be signed by an officer, partner or general partner of the Claimant.

Date:___/___/___

SIGNATURE of Officer, Partner or _____    (Type or print name) _____
General Partner

TITLE _____

```
NANOPHASE SECURITIES LITIGATION
c/o DAVID BERDON & Co. LLP
P.O. BOX 4171
GRAND CENTRAL STATION
NEW YORK, NY 10163
```

August  7, 2001

NO INFORMATION LETTER
SAMPLE

Your Claim Number: Nanophase-2

Dear Claimant:

We acknowledge receipt of the Proof of Claim and Release form you filed in connection with the Nanophase Securities Litigation,  which has been  assigned  the above  claim number.

After careful examination of your claim, we have found  it to  be deficient  for  the following reason(s):

- You did not  indicate  on your  Proof of Claim and Release  form  any  of the following:

  1. Purchases  of shares  of Nanophase Technologies  Corporation  common stock during  the  period  from  November  26,  1997  through  January 8,  1998, inclusive.

  2. Sales of shares  of Nanophase Technologies Corporation common stock during the period from November 26, 1997 through January 8, 1998, inclusive.

  3. Number of shares  of Nanophase Technologies Corporation common  stock held at the close of trading on January 8, 1998.

  (The best  form  of  documentation  is  one  of  the following: a copy of  your brokerage  statement  or confirmation  slip; a copy of Schedule D  for  your tax return(s); a letter from the broker.  The documentation  must  include the trade date, quantity purchased/sold, cost and sales proceeds.)

- Other (if applicable):

_____

_____

**The above requested information must be provided within  twenty (20)  days  from  the date of this letter.**

Please be advised that  distribution  cannot  be made until  all  claims  have  been examined and evaluated. The distribution  of settlement  will  be made  in accordance with the Plan of  Allocation  as described  in the Notice  of Class Action,  Proposed Settlement  and Hearing  Thereon.  Distribution  of the  Net Settlement Fund  is also subject to final approval by the Court.

Should  you  have  any  questions  regarding  this  letter,  please  contact  us  at 1-800-766-3330.

**It is extremely important that you advise us of any change of address by mail to  the above address, or by fax at 516-931-0810.**

Very truly yours,

Claims Administrator
Nanophase Securities Litigation

**EXHIBIT B**

NANOPHASE SECURITIES LITIGATION
c/o DAVID BERDON & Co. LLP
P.O. BOX 4171
GRAND CENTRAL STATION
NEW YORK, NY 10163

**FINAL NOTICE**

September 25, 2001

MISSING DOCUMENTATION LETTER
SAMPLE

Your Claim Number: Nanophase-1

Dear Claimant:

We have previously acknowledged receipt of the Proof of Claim and Release form you filed in connection with the Nanophase Securities Litigation, which has been assigned the above claim number.

After careful examination of your claim, we have found it to be deficient for the following reason(s):

- Social Security number or Tax Id is missing. Please enter the number here and return to the above address: _____

- Proper signature(s). Please see the attached copy of your Proof of Claim and Release and note that both/all signature are required for joint claims.

- You did not provide documentation for the purchase(s) of shares of Nanophase Technologies Corporation common stock listed below. (The best form of documentation is one of the following: a copy of your brokerage statement or confirmation slip; a copy of Schedule D for your tax return(s); a letter from the broker. The documentation must include the trade date, quantity, and cost of the shares purchased.)

  Date of purchase: 11/26/1997

- You did not provide documentation for the sale(s) of shares of Nanophase Technologies Corporation common stock listed below. (The best form of documentation is one of the following: a copy of your brokerage statement or confirmation slip; a copy of Schedule D for your tax return(s); a letter from the broker. The documentation must include the trade date, quantity, and proceeds for the shares sold.)

  Date of sale: 12/12/1997

- You did not provide documentation for the shares of Nanophase Technologies Corporation common stock held at the close of trading on January 8, 1998. (The best form of documentation is one of the following: a copy of your January 1998 brokerage statement; a copy of Schedule D for your tax return(s); a letter from the broker.

- Other (if applicable): _____

  _____

MISSING DOCUMENTATION LETTER                              September 25, 2001

If you fail to furnish all the information requested above within ten (10) days from the date of this letter, we will recommend to the Court that your claim be either partially or completely rejected, without further notice.

Please be advised that distribution cannot be made until all claims have been examined and evaluated. The distribution of settlement will be made in accordance with the Plan of Allocation as described in the Notice of Class Action, Proposed Settlement and Hearing Thereon. Distribution of the Net Settlement Fund is also subject to final approval by the Court.

Should you have any questions regarding this letter, please contact us at 1-800-766-3330.

It is extremely important that you advise us of any change of address by mail to the above address, or by fax at 516-931-0810.


Very truly yours,


Claims Administrator
Nanophase Securities Litigation

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

*In re: Nanophase Technologies Corporation Securities Litigation*
NO. 98 C 3450

September 25, 2001

Your Claim Number: Nanophase-1

**CERTIFICATION**

I (We) certify that I am (we are) not subject to backup withholding. **(If you have been notified by the IRS that you are subject to backup withholding, strike out the previous sentence.)**

I (We) declare and affirm under penalties of perjury that the foregoing statements and the documents attached hereto, including the Social Security or Employer Identification Number shown on this Proof of Claim Form, are true, correct and complete.

Date: ___/___/___   _____   _____
                    SIGNATURE of Claimant         (Type or print name)

Date: ___/___/___   _____   _____
                    SIGNATURE of Joint Claimant   (Type or print name)

If the Claimant is other than an individual, or if the Claimant is not the person completing this form, the following must also be provided:

Capacity of Person Signing _____   Name of Person Signing _____

If the Claimant is a brokerage firm, bank, financial institution, corporation, partnership or limited partnership, the certification must be signed by an officer, partner or general partner of the Claimant.

Date: ___/___/___

_____          _____
SIGNATURE of Officer, Partner or    (Type or print name)
General Partner

_____
TITLE

NANOPHASE SECURITIES LITIGATION
c/o DAVID BERDON & Co. LLP
P.O. BOX 4171
GRAND CENTRAL STATION
NEW YORK, NY 10163

**FINAL NOTICE**

September 25, 2001

NO INFORMATION LETTER
SAMPLE

Your Claim Number: Nanophase-2

Dear Claimant:

We have previously acknowledged receipt of the Proof of Claim and Release form you filed in connection with the Nanophase Securities Litigation, which has been assigned the above claim number.

After careful examination of your claim, we have found it to be deficient for the following reason(s):

- You did not indicate on your Proof of Claim and Release form any of the following:

  1. Purchases of shares of Nanophase Technologies Corporation common stock during the period from November 26, 1997 through January 8, 1998, inclusive.

  2. Sales of shares of Nanophase Technologies Corporation common stock during the period from November 26, 1997 through January 8, 1998, inclusive.

  3. Number of shares of Nanophase Technologies Corporation common stock held at the close of trading on January 8, 1998.

  (The best form of documentation is one of the following: a copy of your brokerage statement or confirmation slip; a copy of Schedule D for your tax return(s); a letter from the broker. The documentation must include the trade date, quantity purchased/sold, cost and sales proceeds.)

- Other (if applicable): _____

  _____

If you fail to furnish all the information requested above within ten (10) days from the date of this letter, we will recommend to the Court that your claim be either partially or completely rejected, without further notice.

Please be advised that distribution cannot be made until all claims have been examined and evaluated. The distribution of settlement will be made in accordance with the Plan of Allocation as described in the Notice of Class Action, Proposed Settlement and Hearing Thereon. Distribution of the Net Settlement Fund is also subject to final approval by the Court.

Should you have any questions regarding this letter, please contact us at 1-800-766-3330.

It is extremely important that you advise us of any change of address by mail to the above address, or by fax at 516-931-0810.

Very truly yours,

Claims Administrator
Nanophase Securities Litigation

DATE: 11/28/01
TIME: 11:47:37

**NANOPHASE TECHNOLOGIES CORPORATION SECURITIES LITIGATION**   PAGE:   1
SUMMARY LOSS CALCULATIONS
FOR GOOD CLAIMS ONLY

**EXHIBIT C**

| CLAIM # | FULL NAME | RECOGNIZED LOSS |
|---|---|---|
| 1 | FRANK NAPOLI JR | 0.00 |
| 2 | THOMAS NAPOLI | 0.00 |
| 3 | CHARLES GOLDEN & | 712.00 |
| 4 | VICTORIA B AZRIN | 1,780.00 |
| 5 | ROBERT L BATDORF IRA R/O | 0.00 |
| 7 | MAGNA CARTER LP | 178.00 |
| 8 | F TYLER JOHNSON | 2,670.00 |
| 10 | LEMUEL A TARSHIS | 534.00 |
| 11 | JOSEPH HADDAD | 10,680.00 |
| 12 | ROSE HADDAD | 10,680.00 |
| 13 | DAVID J STEINBERG & | 890.00 |
| 14 | ROBERT A BUONANNO & | 400.50 |
| 15 | EARLE PETERSON IRA | 0.00 |
| 17 | STEVEN WEBSTER | 6,230.00 |
| 18 | STEPHEN D PRASSAS TRUST | 0.00 |
| 19 | ABIGAIL H PRASSAS | 0.00 |
| 20 | M&T TRUST CO AS CUSTODIAN FOR NCL | 7,120.00 |
| 21 | RONALD & SHULAMITH BARUCH JT WROS | 1,875.00 |
| 22 | JOHN HAMMERSCHLAG C/F | 712.00 |
| 23 | JOHN HAMMERSCHLAG C/F | 712.00 |
| 24 | ALBERT BERSH | 890.00 |
| 25 | THOMAS CULLINAN IRA R/O | 356.00 |
| 26 | FRED CRISUOLO | 0.00 |
| 27 | JAMES E ZIGANTO & | 534.00 |
| 28 | THOMAS G HAMMERSTEIN IRA DTD 9/19/95 | 356.00 |
| 29 | MICHAEL T MAHER & | 4,450.00 |
| 31 | WILLIAM AND SALLY BARNARD JT TEN | 1,780.00 |
| 32 | MELVIN KATTEN & | 2,670.00 |
| 33 | BAYSIDE DEVELOPMENT CORP | 0.00 |
| 34 | SCOT HOLDING INC | 5,340.00 |
| 35 | EDWARD DONALDSON | 1,780.00 |
| 36 | KENNETH COWIN | 2,225.00 |
| 38 | SUZANNE EMERSON | 0.00 |
| 39 | JACK SCHWARTZ | 3,560.00 |
| 40 | GERALD LEVINE | 1,780.00 |
| 42 | ESTATE OF JAMES STEIN | 50.00 |
| 43 | JOEL WARTELL | 3,560.00 |
| 44 | HANS BURCHARTZ | 267.00 |
| 45 | VLADIMIR GOLOVCHINSKY | 0.00 |
| 46 | GUSTAV BRUNS | 890.00 |
| 48 | DAVID W QUINN | 8,900.00 |
| 49 | SD-JM DEVELOPMENT INC | 0.00 |
| 50 | KELLY C & KIAN K WONG FAMILY | 2,670.00 |
| 51 | CHRISTOPHER PRASSAS & | 0.00 |
| 53 | HERITAGE USA VALUE FUND | 17,800.00 |
| 54 | KAY SCHNURIGER | 0.00 |
| 55 | LEA RICHMOND JR & | 0.00 |
| 56 | MARK ANGEL & | 267.00 |
| 57 | HOWARD-BUZZ SIMONS, | 5,340.00 |
| 58 | THOMAS GRIFFIN IRA | 178.00 |
| 59 | PATRICIA GRIFFIN | 667.50 |
| 60 | JOHN AND BARBARA RYMPH JT TEN | 356.00 |
| 61 | JUDITH MARRUS | 2,759.00 |
| 62 | RICHARD M MEYERS & | 5,340.00 |
| 63 | WILLIAM ROOD | 373.45 |
| 64 | DONALD RAGAZZO | 890.00 |
| 65 | ADAM SAMIEC & | 712.00 |
| 66 | AHMED K SYED & | 890.00 |
| 67 | NANCY TAMELING | 2,848.00 |
| 68 | JOHN W HAMMERSCHLAG & | 2,314.00 |
| 69 | JOHN WILLIAMS JR | 8,900.00 |
| 70 | JAMES BANGERT SEP/IRA | 498.40 |
| 72 | RONALD CUMMINS | 178.00 |
| 73 | MICHELE A DAVIDSON | 17.80 |
| 74 | CLAIRE L WATSON & | 534.00 |
| 75 | LAMAR MC INTYRE | 1,780.00 |
| 76 | THOMAS L TAYLOR | 356.75 |
| 77 | NANCY L STETSON | 890.00 |
| 78 | FRANK J BLANKENSHIP & | 534.00 |
| 79 | TOMMY LYNN ALLMAN IRA R/O | 534.00 |
| 80 | SUZANNE C CHUN | 534.00 |
| 81 | ESPERANZA MIDCAP | 865.00 |
| 82 | GERALD L JESSEN & | 890.00 |
| 83 | JAMES R DUNN & | 178.00 |
| 84 | MICHAEL FITZGERALD IRA DTD 11/3/92 | 178.00 |
| 85 | ANTHONY KIELAR | 3,560.00 |
| 86 | DIANE S ARNOLD | 0.00 |
| 87 | JOHN O'QUINN | 22,419.10 |

NANOPHASE TECHNOLOGIES CORPORATION SECURITIES  LITIGATION
SUMMARY LOSS CALCULATIONS
FOR GOOD CLAIMS ONLY

| CLAIM # | FULL NAME | RECOGNIZED LOSS |
|---|---|---|
| 89 | DRUE GAWEL IRA CONTRIBUTORY DTD 12/26/97 | 275.90 |
| 90 | JAMES A MC KINLEY IRA DTD 1/24/96 | 801.00 |
| 91 | POY HOM AND | 890.00 |
| 93 | ALBERT A SIBONY & | 2,892.50 |
| 94 | NORMA RUBIN & | 356.00 |
| 95 | J BLAKE & ANNE POGUE TEN COM | 10,680.00 |
| 96 | NOBLE NASH | 8,010.00 |
| 98 | JEANNIE PACE | 178.00 |
| 99 | DIANA CALLAWAY IRA | 178.00 |
| 100 | THOMAS DUARTE | 635.00 |
| 101 | CHRIS NICEWANDER & | 178.00 |
| 102 | DEBORAH K WONG LIVING TRUST DTD 10/11/95 | 1,780.00 |
| 103 | JOHN D HESS & JANE E HESS TTEES | 1,780.00 |
| 104 | THE CHRISTOPHER CLAEYS TRUST UAD 11/28/89 | 0.00 |
| 105 | MICHAEL D MACKIN | 890.00 |
| 106 | ROBERT LYNCH | 356.00 |
| 107 | PATRICIA F CHANDLER IRA | 178.00 |
| 109 | JOHN KRUGER & | 534.00 |
| 110 | JERRY LOVELESS IRA | 178.00 |
| 113 | HOWARD HENRY & | 178.00 |
| 114 | WILLIAM HERBERT HUNT TRUST ESTATE DTD | 13,350.00 |
| 115 | RUTHANN SAMBO IRA | 245.64 |
| 116 | JACK E SAMBO | 356.00 |
| 117 | JACK E SAMBO IRA | 195.80 |
| 118 | GAY HARTIGAN | 2,136.00 |
| 119 | HENRY STEVENS & | 178.00 |
| 120 | JACK AND SUSAN JACOBS JTWROS | 178.00 |
| 121 | GERRY GORMAN | 534.00 |
| 122 | ANITA DROBNY | 0.00 |
| 123 | DEL R BROWN | 3,560.00 |
| 124 | GAIL FREEMAN | 0.00 |
| 125 | ADELL D TROMMER IRA R/O | 1,335.00 |
| 126 | DUANE & GAYLE SMERYAGE JT WROS | 0.00 |
| 127 | GEORGE N SLAPPEY IRA | 712.00 |
| 130 | VERNE E KREGER IRA | 178.00 |
| 131 | HARVEY GROSSBLATT | 534.00 |
| 132 | DONALD SPETTER | 1,780.00 |
| 133 | JOEL MAGYAR | 178.00 |
| 134 | FLORENCE BRAUDY | 1,780.00 |
| 135 | THOMAS LEVY | 2,314.00 |
| 136 | ALLEN J GORRIS & | 356.00 |
| 137 | DARWIN L HOWARD | 1,780.00 |
| 140 | FRANCES RUDICOFF IRA | 267.00 |
| 141 | SUSAN LIEBER LOZADA IRA | 400.50 |
| 142 | LAWRENCE MC GRIEVY IRA | 178.00 |
| 143 | MARIA JABLONSKI IRA ROLLOVER | 178.00 |
| 145 | ADAM D ORKIN & | 445.00 |
| 146 | WILLIAM B ORKIN | 890.00 |
| 147 | EUNICE VELLON IRA | 5,340.00 |
| 148 | EUNICE VELLON | 890.00 |
| 149 | KENNETH VELLON IRA | 3,560.00 |
| 150 | KENNETH L VELLON | 8,900.00 |
| 151 | DENNIS FERMAN | 1,602.00 |
| 152 | WHITNEY HOLDINGS LLC | 250.00 |
| 153 | EDWIN ISHIMOTO & | 178.00 |
| 154 | MARGIE BAIGH | 2,848.00 |
| 155 | ROBERT HORN | 712.00 |
| 157 | EVALINE KRUSE TRUST DTD 8/21/93 | 445.00 |
| 158 | PHILIP HOUGHTON IRA | 776.08 |
| 159 | JOSEPH POWELL | 89.00 |
| 161 | JANETTE & ERNEST PONCE JT TEN | 178.00 |
| 162 | IRENE S LOULK | 534.00 |
| 164 | JAMES ARCARA IRA | 445.00 |
| 165 | EVA RUDIKOFF IRA | 4,450.00 |
| 166 | LOUIS J REGINE | 1,780.00 |
| 167 | CONNIE J WRIGHT TRUST | 6,408.00 |
| 168 | SCOT FORGE COMPANY | 356.00 |
| 169 | FREDERICK NELSON | 1,780.00 |
| 170 | ROBERT FINKELSTEIN | 774.30 |
| 171 | JOHN AMBREY | 178.00 |
| 173 | MYLES MCDONOUGH AND | 890.00 |
| 174 | JOHN JAY DAUER & | 53.40 |
| 175 | GERADO SANTOS | 890.00 |
| 176 | MARVIN JACOBS & | 1,127.90 |
| 179 | DIXIE KLOCK & | 356.00 |
| 181 | RICHARD & MARSHA COLBURN JT WROS | 356.00 |
| 182 | RICHARD J FRANKLIN & | 1,780.00 |
| 184 | ERIC RAVNDALL III I/A #4031-01-4/6.1 | |

DATE: 11/28/01      **NANOPHASE TECHNOLOGIES CORPORATION SECURITIES LITIGATION**   PAGE:      3
TIME: 11:47:37                    SUMMARY LOSS CALCULATIONS
                                   FOR GOOD CLAIMS ONLY

| CLAIM # | FULL NAME | RECOGNIZED LOSS |
|---|---|---|
| 185 | THOMAS KRETLOW IRA | 712.00 |
| 186 | PRUDENTIAL SECURITIES INCORPORATED | 0.00 |
| 187 | KARIM ELIAS HEDERI FAMILY TRUST | 890.00 |
| 188 | LYNN BERKOWITZ TTEE | 445.00 |
| 189 | LYNN BERKOWITZ & | 4,450.00 |
| 190 | LYNN BERKOWITZ | 2,225.00 |
| 191 | ABE BERKOWITZ MARITAL TRUST DTD 6/19/85 | 1,780.00 |
| 192 | GLENN D KOEHRSEN IRA | 178.00 |
| 193 | JOHN MC KAY | 534.00 |
| 194 | VERONICA PIKOLS IRA | 356.00 |
| 195 | JOHN D'AMICO & | 356.00 |
| 196 | JOE MOUNCE IRA R/O DTD 11/20/87 | 178.00 |
| 197 | NORMAN E ASH & | 44.50 |
| 198 | EDWIN KULKA TRUST | 1,780.00 |
| 199 | ELEANOR R SEAMAN | 445.00 |
| 201 | DEBRA B DARVICK | 267.00 |
| 202 | MARTIN DARVICK & | 890.00 |
| 203 | MICHAEL YIP & | 1,780.00 |
| 204 | DEBRA B DARVICK | 267.00 |
| 205 | MARK HOWELLS TRUST DTD 6/25/97 | 1,780.00 |
| 206 | HOWARD BAUMGARTEN IRA | 2,670.00 |
| 207 | GLORIA J FORTIN TTEE | 356.00 |
| 209 | FRANK CIARAMELLO IRA | 890.00 |
| 210 | SUZANNE SANDEGREN AND | 356.00 |
| 211 | MARIE GUERRIERO & | 356.00 |
| 212 | PAUL COSENTINO | 1,068.00 |
| 213 | NANCY W BONNER IRA | 1,068.00 |
| 214 | JOHN R BONNER SR | 2,670.00 |
| 216 | EDWARD RABIN AS TTEE | 0.00 |
| 217 | KENNETH G SPRINGER | 5,340.00 |
| 218 | PHILIP BJORNSTAD | 0.00 |
| 219 | ROBERT DIETRICHSON | 178.00 |
| 220 | JANET C CATANZARO & | 267.00 |
| 222 | BRUCE & LINDA HOYT JT WROS | 525.00 |
| 223 | MAUREEN BACON SEP IRA DTD 5/13/91 | 801.00 |
| 224 | STEPHEN LESLIE IRA R/O | 0.00 |
| 225 | ROBERT L MABARAK | 0.00 |
| 226 | DIANE MATHEWS IRA | 178.00 |
| 227 | MARTA SHEINFELD | 489.50 |
| 230 | DIANE VANNORT & | 534.00 |
| 231 | JOAN ROTH | 1,000.00 |
| 232 | STEVEN R HUBER | 0.00 |
| 233 | STEPHEN COZZOLINO | 4,450.00 |
| 234 | BRADLEY CURTIS MART | 0.00 |
| 235 | STEVEN M RANEY & | 178.00 |
| 236 | DIMITRIOS MALAXIANIS | 534.00 |
| 237 | ROBERT MCVAY JR | 712.00 |
| 238 | MASON T NOOE | 890.00 |
| 239 | C R FORD REAL ESTATE LTD | 750.00 |
| 242 | RICHARD ZIMMERMAN | 178.00 |
| 243 | STEVEN KLEIN | 0.00 |
| 244 | PHILIP KRAMER IRA | 356.00 |
| 246 | LIORA MIZEL | 0.00 |
| 247 | KATHERINE HEMMETER | 0.00 |
| 248 | RL CAPITAL PARTNERS | 5,518.00 |
| 249 | J B TAYLOR & | 1,780.00 |
| 250 | NANCY F BUCK IRA | 2,136.00 |
| 251 | PAUL ROTHMAN | 3,204.00 |
| 252 | BENNETT YANOWITZ | 5,340.00 |
| 253 | WILLIAM CULLON & | 356.00 |
| 254 | ALBERT A VALANCIUS | 1,780.00 |
| 255 | ROBERT WILLIADSEN IRA R/O | 178.00 |
| 256 | DALE PARKER & | 1,780.00 |
| 257 | MAPLE PARTNERS LTD | 0.00 |
| 258 | JOSEPH JERKOVICH IRA | 578.50 |
| 259 | HARRY KAMMERER IRA | 0.00 |
| 260 | THOMAS MILLER | 356.00 |
| 261 | GARY FASSNACHT IRA R/O | 178.00 |
| 262 | MARYANN PAWLIKOWSKI | 178.00 |
| 263 | RAYMOND R HYSON JR | 890.00 |
| 264 | OSCAR INVESTMENT FUND LP | 0.00 |
| 265 | NADEZHDA MOZGOVAYA | 890.00 |
| 266 | STEVE N ROGERS & | 101.46 |
| 267 | KARL KESSEL TTEE | 356.00 |
| 268 | THOMAS LEIST | 89.00 |
| 269 | ADELHEID VIEFHUSE | 6,052.00 |
| 270 | BERNARD REVAK & | 890.00 |
| 271 | ALDEN SMITH IRA | 890.00 |

DATE: 11/28/01
TIME: 11:47:38

NANOPHASE TECHNOLOGIES CORPORATION SECURITIES LITIGATION    PAGE:    4
SUMMARY LOSS CALCULATIONS
FOR GOOD CLAIMS ONLY

| CLAIM # | FULL NAME | RECOGNIZED LOSS |
|---|---|---|
| 272 | LESLEE B ALLEE C/F | 178.00 |
| 273 | LESLEE B ALLEE C/F | 178.00 |
| 274 | LESLEE B ALLEE C/F | 222.50 |
| 276 | JP MORGAN CHASE | 30,260.00 |
| 277 | CHRISTOPHER M HOULIHAN C/F | 1,780.00 |
| 278 | METROPOLITAN NASHVILLE AND DAVIDSON | 9,434.00 |
| 279 | FRANCISCAN SISTERS OF LITTLE FALLS | 14,952.00 |
| 280 | MERCK & CO INC | 76,006.00 |
| 281 | GAIL KNAPPENBERGER & | 5,340.00 |
| 282 | JOHNSON & JOHNSON | 50,374.00 |
| 283 | INTERNATIONAL PAPER | 45,212.00 |
| 285 | FORTRESS SMALL CAP EQUITY PARTNERSHIP A SMALL | 21,182.00 |
| 286 | SMALL CAP COLLECTIVE GROWTH FUND | 11,392.00 |
| 287 | CHAUVANON INVESTMENT PARTNERSHIP | 8,544.00 |
| 288 | ESTEE LAUDER COMPANIES EFIM | 7,800.00 |
| 289 | KENNETH S HERBERGER IRA | 356.00 |
| 290 | SHERRY L HERBERGER IRA | 356.00 |
| 291 | JOYCE G RUSSELL | 178.00 |
| 292 | DAVID JOHNSON & | 1,246.00 |
| 293 | HENRY J MARTINEZ | 300.82 |
| 295 | NEIL M LEVY IRA | 1,780.00 |
| 297 | WILLIAM J LAWSON AND | 195.80 |
| 298 | NANXING JIN | 356.00 |
| 299 | EDWARD FIORETTI & | 1,780.00 |
| 300 | DONALD ROBERTS | 2,848.00 |
| 302 | MICHAEL A LUKASEK | 178.00 |
| 303 | EUGENE SLIWINSKI IRA R/O | 356.00 |
| 304 | RAYMOND MATHIEU & | 356.00 |
| 305 | ROBERT E STRAWMAN AND | 178.00 |
| 306 | MEL MICKEVIC & | 534.00 |
| 307 | BRIAN F O'BRIEN & | 178.00 |
| 308 | THE JEANO & DOROTHY CAMPANARO TRUST | 890.00 |
| 309 | MARK BELL | 267.00 |
| 311 | RAO KOLLIPARA IRA | 890.00 |
| 313 | LEONARD RAPAPORT & | 4,450.00 |
| 314 | JEFFREY ALAN BRUGGEMANN | 0.00 |
| 316 | PAUL NUSSBAUM SEP | 3,560.00 |
| 317 | JOSEPHINE SMITH | 1,780.00 |
| 318 | TRUST B ESTATE OF REYNOL B SMITH | 890.00 |
| 320 | ESTATE OF MURRAY MASLOW | 0.00 |
| 321 | JULIANN RENTROP | 121.04 |
| 323 | TOM CARROLL | 178.00 |
| 324 | ROBERT SULLIVAN | 178.00 |
| 325 | MICHAEL KAPRIELIAN IRA | 1,068.00 |
| 326 | MICHAEL KAPRIELIAN | 890.00 |
| 327 | AARON KNOBLER TRUST | 400.50 |
| 328 | KARL KNOBLER ACF | 623.00 |
| 329 | MOLLY KNOBLER TRUST | 445.00 |
| 330 | OREGON STATE TREASURERS DEPARTMENT | 356,000.00 |
| 331 | LIBERTY ACORN FUND | 979,000.00 |
| 332 | HARRY CAUNTER | 17,800.00 |
| 333 | WELLS FARGO BANK MN NA TTEE | 64,157.68 |
| 334 | WELLS FARGO BANK MN NA TTEE | 24,080.88 |
| 335 | BRANT HATLER | 890.00 |
| 336 | HELMUT AUGENSTEIN | 890.00 |
| 337 | PHILIP AND JOANNE CIMINO JT TEN | 178.00 |
| 339 | JOSEPH A AMARANTE | 400.50 |
| 341 | ESTATE OF RUDOLPH S MAURIZI & | 1,406.25 |
| 342 | CRAIG KLAASMEYER | 7,120.00 |
| 343 | CATHLEEN C MCFARLANE | 3,560.00 |
| 345 | PAUL A LEVY TTEE | 0.00 |
| 346 | FIRST MERIT BANK NA TTEE | 5,162.00 |
| 347 | FIRST MERIT BANK NA AGENT | 7,120.00 |
| 349 | BNY MIDWEST TR CO TTEE OF ORYX ENERGY | 17,149.50 |
| 350 | FIRST MERIT BANK NA | 3,293.00 |
| 351 | FIRST MERIT BANK NA | 3,186.20 |
| 352 | KACHARABHAI K PATEL | 1,780.00 |
| 353 | MELBA PRESLEY IRA R/O | 2,670.00 |
| 354 | KARL SUSSMAN | 0.00 |
| 355 | JOAN RILEY IRA | 178.00 |
| 356 | FRANK J PACITTO | 890.00 |
| 357 | RUTH NECCO C/F | 400.50 |
| 358 | MIMI KULBACK SHAW | 178.00 |
| 359 | ANN F KAFOREY TOD | 890.00 |
| 360 | HARRIS & HARRIS GROUP INC | 103,240.00 |
| 361 | STEIN ROE SMALL COMPANY GROWTH FUND | 704,880.00 |
| 362 | SR&F SPECIAL VENTURE PORTFOLIO | 704,880.00 |
| 363 | CONNECTICUT COLLEGE ESSEX INVEST | 10,700.00 |

```
DATE: 11/28/01        NANOPHASE TECHNOLOGIES CORPORATION SECURITIES LITIGATION   PAGE:      5
TIME: 11:47:38                    SUMMARY LOSS CALCULATIONS
                                   FOR GOOD CLAIMS ONLY
```

| CLAIM # | FULL NAME | RECOGNIZED LOSS |
|---|---|---|
| 364 | THE NORINE B KING FAMILY TRUST | 534.00 |
| 365 | JOHN J & KATHLEEN K MULCAHY | 178.00 |
| 366 | ROBERT KLEIN & | 1,068.00 |
| 367 | VIRGINIA E SCHROEDER | 712.00 |
| 368 | DOUGLAS MASLOW | 1,869.00 |
| 369 | RICHARD MASLOW | 0.00 |
| 370 | ALLISON MASLOW | 0.00 |
| 371 | CHRISTINE M SCIACCA | 89.00 |
| 373 | LESLIE MASLOW | 0.00 |
| 374 | KERRY METZ & | 178.00 |
| 375 | CHARLES F BARBER | 1,780.00 |
| 376 | KATHERINE FOX | 89.00 |
| 378 | K DAVID GALYEAN | 445.00 |
| 379 | DONALD P HURLBERT & | 356.00 |
| 380 | CHRISTOPHER GERMANO | 534.00 |
| 381 | CARL ROACH & | 178.00 |
| 382 | ELIZABETH A SEHI IRA R/O | 356.00 |
| 383 | STEPHEN WARCHAK | 445.00 |
| 384 | LLOYD MARTIN | 1,780.00 |
| 386 | FRED REINER | 356.00 |
| 387 | JAYHAWK INSTITUTIONAL PARTNERS LLC | 0.00 |
| 388 | MARGARET JACKSON | 142.40 |
| 389 | ALAN J BOWEN & | 178.00 |
| 390 | EDWARD J HOWENSTEIN | 0.00 |
| 391 | RON G BECKORT | 534.00 |
| 392 | S EDMOND FARBER & | 1,780.00 |
| 394 | BECKY SPENCER | 534.00 |
| 396 | VINCENT V PAZERESKAS | 3,560.00 |
| 397 | THE NORTHERN TRUST COMPANY CO AS TTEE | 0.00 |
| 398 | THE NORTHERN TRUST COMPANY AS TTEE | 25,098.00 |
| 399 | THE NORTHERN TRUST CO AS TTEE | 11,214.00 |
| 400 | THE NORTHERN TRUST COMPANY AS TTEE | 15,250.00 |
| 402 | THE NORTHERN TRUST CO AS TTEE | 17,711.00 |
| 403 | THE NORTHERN TRUST COMPANY AS TTEE | 67,404.10 |
| 404 | ROBERT MAYER IRA R/O | 0.00 |
| 405 | BANK ONE TRUST COMPANY NA | 9,078.00 |
| 406 | UNION BANK OF CALIFORNIA | 0.00 |
| 407 | BILLY M LONG & | 200,072.00 |
| 408 | UMB BANK CUSTODIAN AMERICAN LEBANESE | 43,076.00 |
| 409 | UMB BANK CUSTODIAN ROBERT GALANTI | 0.00 |
| 410 | UMB BANK CUSTODIAN | 0.00 |
| 411 | UMB BANK CUSTODIAN | 6,230.00 |
| 412 | UMB BANK GREAT PLAINS TRUST CO | 64,080.00 |
| 413 | FIDELITY ADVISORS STRATEGIC OPPORTUNITIES | 178,000.00 |
| 415 | KEVIN OMEARA | 3,560.00 |
| 416 | IRON WORKERS OF NEW ENGLAND PENSION FUND HJ01 | 61,944.00 |
| 417 | HOWARD HYMEN & | 712.00 |
| 418 | SMALL CAP EQUITY FUND | 161,535.00 |
| 419 | SMALL CAP GROWTH EQUITY FUND | 40,529.62 |
| 420 | KRIKOR & SILVA BEZDIKIAN | 1,513.00 |
| 421 | BASTIAN-SMALL CAP EQUITY | 5,963.00 |
| 422 | TURPIN FAMILY TR-SM CAP | 2,225.00 |
| 423 | BARBARA HIXON-FOSTER SM CAP | 4,539.00 |
| 424 | BETSY H HIXON-GEIGER | 8,812.25 |
| 425 | PAULINE HIXON-TURPINE-SM CAP | 7,921.00 |
| 426 | BETSY HUNTER-GEIGER POA2 SM CAP | 5,518.00 |
| 427 | PEGGY HUNTER-TURPIN POA2-SM CAP | 7,209.00 |
| 428 | BETSY HUNTER FOSTER | 5,429.00 |
| 429 | WESTSIDE CANADIAN PROPERTIES CO | 1,424.00 |
| 430 | KATHLEEN ROBB IRA | 1,424.00 |
| 431 | RENSHAW-SHAW CRT LG CAP | 89.00 |
| 432 | THERESA A WILHOIT | 2,848.00 |
| 433 | J TIMOTHY & DENICE A MURPHY | 580.37 |
| 434 | PETER P TONG | 2,136.00 |
| 435 | ABLE PLASTICS | 937.50 |
| 436 | DAVID A LEVINE | 1,335.00 |
| 437 | THOMAS TEEGARDEN & | 89.00 |
| 438 | CAREN FOGEL | 667.50 |
| 439 | BARRY FEINBERG | 1,246.00 |
| 440 | DONNA FEINBERG | 578.50 |
| 441 | KENNETH D FOX & | 712.00 |
| 442 | TRACY AVEDON | 489.50 |
| 443 | LESLIE R BEN | 534.00 |
| 444 | JOHN COCCIEMIGLIO TOD | 1,068.00 |
| 445 | WILLIAM NICKEL & | 890.00 |
| 446 | UNION BANK OF CALIFORNIA | 0.00 |
| 447 | CHARLES J LUCAS & | 1,780.00 |
| 448 | IRA SHADER | 1,780.00 |

DATE: 11/28/01
TIME: 11:47:38

NANOPHASE TECHNOLOGIES CORPORATION SECURITIES  LITIGATION   PAGE:        6
SUMMARY LOSS CALCULATIONS
FOR GOOD CLAIMS ONLY

| CLAIM # | FULL NAME | RECOGNIZED LOSS |
|---|---|---|
| 449 | BARRY FEINBERG BSSC MASTER | 311.50 |
| 450 | GREGORY GERARD | 445.00 |
| 451 | RAYNA KNOBLER | 623.00 |
| 452 | DANIEL M FLYNN & | 356.00 |
| 453 | LISA WOLFF | 267.00 |
| 454 | MICHAEL BRAUN & | 178.00 |
| 455 | BRUCE STRAUSS IRA DTD 10/17/83 | 890.00 |
| 456 | RICHARD GRAHAM & | 3,560.00 |
| 457 | BARRY FEINBERG BSSC MASTER | 311.50 |
| 458 | BARBARA SPETALNICK & | 1,246.00 |
| 459 | GREG GERARD IRA | 445.00 |
| 460 | FRED N GERARD IRA | 1,290.50 |
| 461 | RFJ ASSOCIATES | 890.00 |
| 462 | HATCH MC CRAY | 712.00 |
| 463 | SANDRA MC CRAY IRA | 445.00 |
| 464 | CHANDLER MC CRAY | 890.00 |
| 465 | JEAN MOUTON | 1,068.00 |
| 466 | MARTIN POPS | 578.50 |
| 467 | DELILA WILSON PARROTT | 534.00 |
| 468 | EDWARD FLUHR | 356.00 |
| 469 | M. MARTHA FLUHR & | 3,560.00 |
| 470 | BRETT STANWYCK & | 178.00 |
| 471 | GREAT PLAINS TRUST EQUITY GROWTH FD | 7,120.00 |
| 472 | LAWRENCE HOECKER | 1,780.00 |
| 474 | VANGO LP | 0.00 |
| 475 | BARBARA FRANKFURT | 0.00 |
| 476 | SEYMOUR FRANKFURT & | 0.00 |
| 477 | JOSHUA FRANKFURT | 0.00 |
| 478 | DANIEL FRANKFURT | 0.00 |
| 479 | HULLBRIDGE INVESTMENT LTD | 3,916.00 |
| 480 | COMPLETNESS FUND A/C #92176 | 4,450.00 |
| 481 | US EQUITIES FUND A/C #997940 | 7,120.00 |
| 482 | STEPHEN GRIMES (06-106889) | 0.00 |
| 483 | DANA FARBER PENSION PLAN-ESSEX (4600577) | 1,701.02 |
| 484 | BENTLEY COLLEGE ESSEX 4702012 | 3,852.31 |
| 487 | FRONTIER CAPITAL MGMT 4503682 | 6,586.00 |
| 488 | DANF1208002-DANA FARBER INC/DAN ESSEX INVEST | 20,750.00 |
| 489 | HASF8541392-HASBRO/PEREGRINE SM CAP | 18,746.00 |
| 490 | PMRF5021142 PROMEDICA HEALTH SYS FRONTIER | 8,722.00 |
| 491 | PMSF8572482-UNIV OF PGH MED CTR FRONTIER | 4,450.00 |
| 492 | PRHF5011122-PROMEDICA HEALTH SYSTEM FRONTIER | 19,046.00 |
| 493 | SOJF2385002-SOCIETY OF JESUS OF NE/FRONTIER | 9,078.00 |
| 494 | UPMF5041652-UNIV OF PGH MED CTR / FRONTIER | 23,496.00 |
| 495 | WELF1445002 WELLESLEY COLLEGE/ESSEX | 23,650.00 |
| 496 | 1045832000-SUSQUEHANNA HEALTH RET PLAN TRUST | 1,085.80 |
| 504 | WILLIAM B BARNARD TTEE | 3,560.00 |
| 1001 | ROBERT S HURWITZ & | 890.00 |
| 1003 | MICHAEL ERFRAN | 178.00 |
| 1004 | JANICE A HENRY | 222.50 |
| 1005 | DAVID L PIPAL & | 356.00 |
| 1006 | FIRST UNION NATIONAL BANK TTEE | 11,570.00 |
| 1007 | MARK SNYDER & | 667.50 |
| 1008 | DOUGLAS BRASWELL | 0.00 |
| 1009 | DIANE MAAS | 623.00 |
| 1010 | RICHARD LOOMIS | 311.50 |
| 1011 | LAURENCE PASKOWITZ | 267.00 |
| 1012 | JEFFREY ABRAHAMS | 356.00 |
| 1013 | JOHN G SIMONS | 356.00 |
| 1014 | ANN H WARREN & | 1,780.00 |
| 1015 | MICHAEL E BARRON | 890.00 |

Total Number of Claims:        450            TOTALS:   4,894,871.030

DATE: 11/28/01
TIME: 11:47:56

NANOPHASE TECHNOLOGIES CORPORATION SECURITIES    LITIGATION    PAGE:    1
SUMMARY LOSS CALCULATIONS
FOR BAD CLAIMS ONLY

**EXHIBIT D**

| CLAIM # | FULL NAME | RECOGNIZED LOSS |
|---|---|---|
| 6 | ARTHUR SINKLER | 2,670.00 |
| 30 | BEN E KEITH COMPANY | 8,900.00 |
| 37 | JAMES W JANOSKEY | 7,214.34 |
| 41 | CURTIS ERICKSON | 46.50 |
| 97 | ROBERT GREY | 356.00 |
| 108 | BARBARA CARLSON-DAVIS | 200.00 |
| 112 | EUCLID FINANCIAL LLC | 3,560.00 |
| 129 | MIREL RAMNICEANU & | 178.00 |
| 139 | GARRY FETMAN | 375.00 |
| 156 | EDMUND HIGGINS | 534.00 |
| 160 | WILLIAM KENWISHER TTEE | 356.00 |
| 163 | MARYANN DEFIORE | 0.00 |
| 172 | EARL FRY & | 1,780.00 |
| 183 | LARRY SCHMITT & | 267.00 |
| 215 | STEPHEN F ROSEN & | 356.00 |
| 240 | FREDERICK NELSON & | 178.00 |
| 241 | KENNETH LIPPMANN & | 1,780.00 |
| 245 | JOHN G SCHWENGER | 3,560.00 |
| 275 | NATIONAL BANK OF COMMERCE TTEE | 17,800.00 |
| 301 | GARRY FETMAN | 375.00 |
| 312 | LAMONT E LEATHERMAN | 178.00 |
| 319 | HOWARD BAUMGARTEN | 890.00 |
| 338 | MITCHELL CK PANG & | 712.00 |
| 348 | THOMAS P CONNOLLY | 534.00 |
| 499 | GLENN E MAYER & | 3,560.00 |
| 500 | NINA STREITFIELD | 0.00 |

Total Number of Claims:        26          TOTALS:    56,359.840

DATE: 11/28/01                        NANOPHASE TECHNOLOGIES CORPORATION           PAGE NO.:    1
TIME: 11:48:09                               INELIGIBLE REPORT                        **EXHIBIT E**

| CLAIM NO. | FULL NAME (PAYEE) | LAST NAME | INEL. | NOT IN CLASS | DUP OF: |
|---|---|---|---|---|---|
| 9 | HARVEY GROSSBLATT | GROSSBLATT | -X- | | 131 |
| 16 | SARASWATHI R KALAMBUR IRA | KALAMBUR | -X- | Y | |
| 47 | NOEL INCAVO & | INCAVO | -X- | Y | |
| 52 | FRED KUBASAK JR | KUBASAK | -X- | Y | |
| 71 | EDWARD RABIN AS TTEE | RABIN | -X- | | 216 |
| 88 | JOHN WILLIAMS JR | WILLIAMS JR | -X- | | 69 |
| 92 | NEAL BAIGH | BAIGH | -X- | Y | |
| 111 | EARLE PETERSON IRA | PETERSON | -X- | | 15 |
| 128 | EMANUEL R DAVIS | DAVIS | -X- | Y | |
| 138 | HOWARD BUZZ SIMONS & ARIC SIMONS AND | SIMONS | -X- | | 57 |
| 144 | ROBERT L BATDORF IRA ROLLOVER | BATDORF | -X- | | 5 |
| 177 | SCOT HOLDING INC | | -X- | | 34 |
| 178 | MANHATTAN GROUP FUNDING | HELLER | -X- | Y | |
| 180 | VLADIMIR GOLOVCHINSKY | GOLOVCHINSKY | -X- | | 45 |
| 200 | CIBC WORLD MARKETS | | -X- | Y | |
| 208 | FRED CRISCUOIO | CRISUOIO | -X- | | 26 |
| 221 | BRUCE STRAUSS | STRAUSS | -X- | | 455 |
| 228 | MICHAEL T MAHER AND | MAHER | -X- | | 29 |
| 229 | MAGNA CARTA LIMITED PARTNERSHIP | | -X- | | 7 |
| 284 | JOHN O'QUINN | O'QUIN | -X- | | 87 |
| 294 | EMANUEL R DAVIS | DAVIS | -X- | Y | |
| 296 | A ROBERT BUONANO & | BUONANO | -X- | | 14 |
| 310 | ADELL D TROMMER IRA R/O | TROMMER | -X- | | 125 |
| 315 | JEFFREY ALAN BRUGGEMANN | BRUGGEMANN | -X- | Y | |
| 322 | SUZANNE EMERSON | EMERSON | -X- | | 38 |
| 340 | PETER BLOOM | BLOOM | -X- | Y | |
| 344 | DURAND NDSC JAIME COD.699 | DURAND | -X- | | |
| 372 | MARK COLUMBO | COLUMBO | -X- | Y | |
| 377 | KATHERINE FOX | FOX | -X- | | 376 |
| 385 | KEY BANK NA FBO | RAVNDAL | -X- | | 184 |
| 393 | EDWARD W RABIN AS TTEE | RABIN | -X- | | 216 |
| 395 | HOLTZMAN FRONTIER CAP MGMT | HOLTZMAN | -X- | Y | 184 |
| 401 | THE NORTHERN TRUST COMPANY AS TTEE | CAPITALIZATION EQTY | -X- | | 285 |
| 414 | SUMMERBEND & CO NOMINEE FOR MERCK & CO INC FUND | MERCK & CO INC | -X- | | 280 |
| 473 | PATRICIA NEMES | NEMES | -X- | Y | |
| 485 | T&T RETIREMENT PLAN-ESSEX A/C #020405307600 | ESSEX | -X- | Y | |
| 486 | NEWTON-WELL ESSEX 020505131024 | | -X- | Y | |
| 497 | DIANE MAAS | MAAS | -X- | | 1009 |
| 498 | MARK B SYNDER & NANCY GLASS SNYDER JT WROS | GLASS | -X- | | 1007 |
| 501 | MARK B SYNDER & NANCY GLASS SNYDER JT WROS | GLASS | -X- | | 1007 |
| 502 | DIANE MAAS | MAAS | -X- | | 1009 |
| 503 | RICHARD A LOOMIS | LOOMIS | -X- | | 1010 |
| 1002 | VIRGINIA COCHARY TRUST OF 2/16/94 | CHOCHARY | -X- | Y | |

Number of Claims:    43

**EXHIBIT F**

NANOPHASE SECURITIES LITIGATION
c/o DAVID BERDON & Co. LLP
P.O. BOX 4171
GRAND CENTRAL STATION
NEW YORK, NY 10163

August 7, 2001

NOT IN CLASS LETTER
SAMPLE

Your Claim Number: Nanophase-3

Dear Claimant:

We acknowledge receipt of the Proof of Claim and Release form you filed in connection with the Nanophase Securities Litigation, which has been assigned the above claim number.

Our examination of your claim indicates that you did not meet the requirements of this litigation, since you did not purchase common stock of Nanophase Technologies Corporation during the period from November 26, 1997 through January 8, 1998, inclusive.

Accordingly, please be advised that you are not an eligible Class Member, and we will recommend that the Court not allow your claim.

Should you disagree with this determination, you must respond to us, in writing, within twenty (20) days from the date of this letter, setting forth the basis of your objection and including documentation in support thereof.

If you have any questions, please contact us at 1-800-766-3330, or by fax at 516-931-0810. Please refer to your claim number in all correspondence.

**It is extremely important that you advise us of any change of address, in writing, to the above address, or by fax at 516-931-0810.**

Very truly yours,

Claims Administrator
Nanophase Securities Litigation

NANOPHASE SECURITIES LITIGATION
c/o DAVID BERDON & Co. LLP
P.O. BOX 4171
GRAND CENTRAL STATION
NEW YORK, NY 10163

August  7, 2001

DUPLICATE CLAIM LETTER
SAMPLE

Your Claim Number: Nanophase-4

Dear Claimant:

We acknowledge receipt  of the  Proof  of Claim  and  Release  form  you  filed  in
connection with the Nanophase Securities Litigation,  which has been  assigned  the
above claim number.

Our examination of your claim  indicates  that it is  a duplicate of  claim number
Nanophase-100.

Accordingly, please be advised that we will recommend to the Court the rejection of
this duplicate claim.

Should you disagree with this determination,  you  must respond to us,  in writing,
within twenty (20) days from the date of this letter, setting forth  the  basis  of
your objection  and including documentation in support thereof.

If you have any questions,  please  contact  us at  1-800-766-3330,  or by  fax  at
516-931-0810. Please refer to your claim number in all correspondence.

**It is extremely important that you advise us of any change of address, in  writing,
to the above address, or by fax at 516-931-0810.**

Very truly yours,

Claims Administrator
Nanophase Securities Litigation

NANOPHASE SECURITIES LITIGATION
c/o DAVID BERDON & Co. LLP
P.O. BOX 4171
GRAND CENTRAL STATION
NEW YORK, NY 10163


**FINAL NOTICE**

September 25, 2001


NOT IN CLASS LETTER
SAMPLE


Your Claim Number: Nanophase-3

Dear Claimant:

We have previously acknowledged receipt of the Proof of Claim and Release form you filed in connection with the Nanophase Securities Litigation, which has been assigned the above claim number.

Our examination of your claim indicates that you did not meet the requirements of this litigation, since you did not purchase common stock of Nanophase Technologies Corporation during the period from November 26, 1997 through January 8, 1998, inclusive.

Accordingly, please be advised that you are not an eligible Class Member, and we will recommend that the Court not allow your claim.

Should you disagree with this determination, you must respond to us, in writing, within ten (10) days from the date of this letter, setting forth the basis of your objection and including documentation in support thereof.

If you have any questions, please contact us at 1-800-766-3330, or by fax at 516-931-0810. Please refer to your claim number in all correspondence.


Very truly yours,


Claims Administrator
Nanophase Securities Litigation

NANOPHASE SECURITIES LITIGATION
c/o DAVID BERDON & Co. LLP
P.O. BOX  4171
GRAND CENTRAL STATION
NEW YORK, NY 10163

FINAL NOTICE

September 25, 2001

DUPLICATE CLAIM LETTER
SAMPLE

Your Claim Number: Nanophase-4

Dear Claimant:

We have previously acknowledged receipt of the Proof of Claim and Release form  you filed in connection  with  the Nanophase  Securities  Litigation,  which  has  been assigned  the above claim number.

Our examination of your claim  indicates  that it is  a duplicate  of  claim number Nanophase-100.

Accordingly, please be advised that we will recommend to the Court the rejection of this duplicate claim.

Should you disagree with this determination,  you  must respond to us,  in writing, within ten (10) days from the date of this letter, setting forth  the basis of your objection  and including documentation in support thereof.

If you have any questions,  please  contact  us at  1-800-766-3330,  or by  fax  at 516-931-0810. Please refer to your claim number in all correspondence.

Very truly yours,

Claims Administrator
Nanophase Securities Litigation

**EXHIBIT G**

## DAVID BERDON & CO. LLP

*Certified Public Accountants*



A member of Horwath International

One Jericho Plaza
Jericho, NY 11753-1635
Tel: (516) 931-3100
Fax: (516) 931-0034

415 Madison Avenue
New York, NY 10017-1178
Tel: (212) 832-0400
Fax: (212) 371-1159
www.dberdon.com

November 28, 2001

Nanophase Securities Litigation
c/o Stull, Stull & Brody
6 East 45th Street - Suite 500
New York, NY 10017

Attn: Edwin J. Mills, Esq.

Client Code 35590

### FOR THE FOLLOWING SERVICES RENDERED AND TO BE RENDERED IN CONNECTION WITH THE NOTICE AND ADMINISTRATION OF NANOPHASE SECURITIES LITIGATION:

A litigation support staff, which includes David Berdon & Co. LLP ("Berdon") partners, managers, supervisors and claims administrators, as well as computer support, data entry and file retrieval personnel, have been involved on an ongoing basis with all matters relative to the Notice of Class Action, Proposed Settlement and Hearing Thereon and the Proof of Claim and Release Form (collectively, the "Notice") in connection with the Nanophase Technologies Corporation Securities Litigation ("Nanophase"), as follows:

Reviewed the Stipulation of Settlement, the Preliminary Approval Order and the Notice Schedule to coordinate the Court-ordered time schedule with the necessary procedures for initial mailing and other deadlines.

Converted into mailing labels: (1) from lists provided by Defendants' counsel, the names and addresses of (a) shareholders identified from the transfer records, and (b) nominees identified from the Participant Position Report of the Depository Trust Company; (2) from a data base created and maintained by Berdon, the names and addresses of the specific research and compliance personnel of brokers, banks and other nominees; and (3) the names and addresses of financial institutions identified by Vickers Directory of

# DAVID BERDON & CO. LLP

Institutional Investors having held positions in Nanophase during the Class Period.

Arranged for the input and various revisions of galley proofs of the Notice, reviewed same, made suggestions to Plaintiffs' Counsel regarding format and layout, integrated all changes and comments, and obtained final approval of revised proofs from Plaintiffs' Counsel; calculated the size of the print run, and arranged for the printing and distribution of the Notice.

Caused the Notice to be mailed, first-class, within the time prescribed by the Order, on December 28, 2000, to 3,819 Class members and nominees as described above.

Established a post-office box and provided for daily pick-ups of mail, which were then sorted into: (1) returned mail; (2) requests for copies of the Notice from individuals and nominees; (3) claimants' completed Proof of Claim Forms; and (4) one request for exclusion.

Maintained an "800" customer service telephone number during normal business hours, enabling the claims administration staff to respond to: (1) requests for copies of the Notice; and (2) Class members' questions and address their concerns with regard to: (a) the language in the Notice; (b) the completion of the Proof of Claim; (c) the appropriate documentation to be submitted; (d) the status of a particular claim; and (e) the current settlement, generally.

Upon receipt of mail and telephone requests, furnished multiple copies of the Notice to nominees for mailing to their beneficial owners, mailed them directly to beneficial owners when provided with their names and addresses, and mailed copies to individuals, for a total additional mailing of 3,173 Notices.

Kept a daily log of all incoming requests for the Notice and the dates of Berdon's compliance therewith, and maintained a file of written requests, photocopies of labels, and lists of names and addresses received from nominees.

# DB

## DAVID BERDON & CO. LLP

Re-addressed and re-mailed returned Notices where a forwarding address was provided, and answered all general correspondence.

Received and kept a record of the request for exclusion and provided a photocopy thereof to Plaintiffs' Counsel.

Made follow-up phone calls and/or transmitted follow-up faxes to nominees who had failed to timely respond to the initial mailing, in order to make every reasonable effort to insure that all potential claimants received the Notice in a timely fashion.

Prepared an Affidavit of Mailing and Publication in connection with: (1) the dates and sizes of the initial Notice mailing, and (2) the fulfillment of telephone and mail requests for copies of the Notice, and submitted same to Plaintiffs' Counsel for filing with the Court.

The claims administration procedure utilized was as follows:

Researched the price history and reorganization activity as to any Nanophase splits, mergers and/or conversions.

Opened the mail upon receipt, assigned a claim number to each Proof of Claim Form, and filed each claim in a folder bearing a corresponding number; examined each claim to determine proper completion and appropriate documentation.

Created drafts of various letters (i.e., deficiency letters, rejection letters, etc.) for communication with claimants and submitted same for approval of Plaintiffs' Counsel.

Entered information submitted by claimants into a computer database specifically created for the administration of Nanophase claims with regard to future profiling, evaluation, loss calculation and status throughout the entire process until distribution.

Provided Plaintiffs' Counsel with reports as to: (1) the status of completion; and (2) certain claims processing

3

# DAVID BERDON & CO. LLP

assumptions that would be made; and discussed with Plaintiffs' Counsel certain aspects of the Plan of Allocation.

At various times during the claims administration process, mailed: (1) deficiency letters to claimants whose claims were unacceptable by reason of improper completion of claim forms and/or inadequate furnishing of documentation; (2) rejection letters to claimants whose claims were deemed to be ineligible by reason of having filed duplicate claims, or not having met the requirements of the litigation referable to the Class Period; and (3) individual letters tailored to special situations, as needed.

Responded by phone and letter to claimants' complaints in connection with their difficulty in locating documentation, as well as to their requests for assistance in completing claim forms.

Performed computer searches by name, address, and tax identification number to identify, compare and eliminate any duplicate claims filed and to identify claimants defined as excluded who may have filed a Proof of Claim.

Prepared final reports for Plaintiffs' Counsel and a final affidavit for the Court in connection with: the claims processing procedures, the total claims to be recommended as good and those for which rejection is to be recommended, in whole or in part, as well as the calculation of the proposed distribution.

Prepared a report setting forth the damages for each valid claimant and the aggregate damages for all valid claimants, as well as a report setting forth each valid claimant's share of the distribution.

Prepared and filed Settlement Fund income tax returns for the tax year 2000 and will do so for the tax year 2001 when required.

Upon receiving Court approval, this office will order, prepare and mail distribution checks to all eligible claimants.

4



## DAVID BERDON & CO. LLP

In the normal course of events, Berdon will replace lost or stolen checks and reconcile bank statements and outstanding checks. We will trace those claimants whose checks do not clear and attempt to contact them to effect clearance of the distribution check.

All records in connection with this matter will be maintained for a period of three years, or such other period as may be required.

| | |
|---|---|
| Fee for services rendered and to be rendered (pursuant to agreement) .................................. | $ 25,000.00 |
| Preparation of returns for tax year 2000 and 2001, when required @ $2,500.00 ..................... | 5,000.00 |
| Total Fee ...................................................... | $ 30,000.00 |

Out-of-pocket costs outstanding:

| | |
|---|---|
| Brokers, banks and nominees (invoices attached) ............. | $ 3,531.43 |
| Vickers Stock Research Corp. (invoice attached) ................. | 37.98 |
| Telephone & fax ................................................ | 62.00 |
| Postage & shipping .............................................. | 2,153.52 |
| Post Office box ................................................. | 650.00 |
| Supplies ........................................................ | 71.35 |
| | $ 3,824.78 |

Estimated future costs:

| | |
|---|---|
| Checks & envelopes ............................................. | $   300.00 |
| Postage ......................................................... | 160.00 |
| Storage ......................................................... | 100.00 |
| | $   560.00 |

Total disbursements ................................................... 4,384.78

Total ................................................................. $ 34,384.78

**PLEASE MAIL YOUR REMITTANCE TO: CLAIMS DEPARTMENT C/O DAVID BERDON & CO. LLP, ONE JERICHO PLAZA, JERICHO, NY 11753**

## CERTIFICATE OF SERVICE

I, Robert D. Allison, Co-Liaison Counsel for Plaintiffs, certify that I caused a true copy of the foregoing Notice of Motion and Plaintiffs' Motion For An Order Adopting The Recommendations Of The Claims Administrator As To Class Member Claims, Compensating The Claims Administrator, and Directing Distribution Of The Net Settlement Fund, with attached exhibits, to be served on all counsel on the attached Service List, by first class mail, proper postage prepaid, this 6th day of December, 2001.

Robert D. Allison

## SERVICE LIST

Bonita L. Stone
Dawn M. Canty
Stewart T. Kusper
Katten Muchin & Zavis
525 West Monroe Street, Suite 1600
Chicago, Illinois 60661

Robert M. Buschmann
Winston & Strawn
200 Park Avenue
New York, New York 10166

Bruce R. Braun
Winston & Strawn
35 West Wacker Drive
Chicago, Illinois 60601

Richard L. Fenton
Gerald E. Fradin
Sonnenschein Nath & Rosenthal
8000 Sears Tower
Chicago, Illinois  60606

David L. Weinstein
Michael Dockterman
Samuel S. Cohen
Wildman Harrold Allen & Dixon
225 West Wacker Street
Suite 2600
Chicago, Illinois  60606

Arnold A. Pagniucci
Sarah R. Wolff
James A. Rolfes
Sachnoff & Weaver, Ltd.
30 South Wacker Dr.
Suite 2900
Chicago, Illinois 60606