Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 3450 | **DATE** | 12/19/2001 |
| **CASE TITLE** | In Re: In Re: Nanophase Technologies | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The Court adopts the recommendations of the Claims administrator with respect to the acceptance and rejection of class member claims as set fort in the Rosenbaum Affidavit & exhibits. Those claims identified in Exhibit C to the affidavit are allowed. Those claims identified in Exhibits D & E to the affidavit are rejected. The Court approves payment to David Berdon & CO., LLP, Claims Administrator in the aggregate amount of $34,384.78 and direct payment as well to Stull Stull & Boby in the amount of $588.56. Balance of any funds to be contributed to the National Multiple Sclerosis Society. Without affecting the Final Judgment of Dismiss dated 3/2/01, upon distribution of funds, the parties to the stipulation, their agents and attorneys and the Claims Administrator are released, etc. ENTER ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 20 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 185 |
| | Copy to judge/magistrate judge. | | | |
| PAMF | courtroom deputy's initials | 01 DEC 19 PM 6:33 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



DOCKETED
DEC 20 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------x
                                                :
In Re NANOPHASE TECHNOLOGIES                    :    No. 98 C 3450
CORPORATION SECURITIES                          :
LITIGATION                                      :    Judge David H. Coar
                                                :
------------------------------------------------:
                                                :
This Document Relates To All Actions            :
Except 98 C 7447                                :
                                                :
------------------------------------------------x

**ORDER ADOPTING THE RECOMMENDATIONS OF THE CLAIMS
ADMINISTRATOR AS TO CLASS MEMBER CLAIMS, COMPENSATING THE
CLAIMS ADMINISTRATOR, DIRECTING DISTRIBUTION OF THE
<u>NET SETTLEMENT FUND AND GRANTING OTHER RELIEF</u>**

WHEREAS, Lead Plaintiffs in this settled class action case, by Lead Counsel, have moved the Court for an Order adopting the recommendations of the Claims Administrator as to class member claims, compensating the Claims Administrator, directing distribution of the Net Settlement Fund and granting other relief;

WHEREAS, pursuant to the Stipulation of Settlement dated November 14, 2000, defendants' insurer has caused to be created a settlement fund in the aggregate amount of $4,025,000, the net proceeds of which, after certain Court-approved payments and deductions, constitutes the Net Settlement Fund which is to be divided, in accordance with the Stipulation of Settlement, among all class members who submit timely and valid proof of claim forms;

WHEREAS, on December 6, 2000, the Court entered an Order preliminarily approving the proposed Settlement and authorizing Plaintiffs' Executive Committee for the Class to notify members of the Class of the proposed Settlement;

WHEREAS, Plaintiffs' Executive Committee has, pursuant to the Stipulation of Settlement, retained the accounting firm of David Berdon & Co. LLP to serve as Claims Administrator;

185

WHEREAS, on March 27, 2001, the Court entered a Final Judgment of Dismissal with Prejudice approving the fairness of the proposed Settlement on the terms set forth in the Stipulation of Settlement, directing the compensation of Class Counsel, and reserving jurisdiction, without affecting the finality of the Final Judgment of Dismissal With Prejudice, over, among other things, disposition of the Settlement Fund;

WHEREAS, the Claims Administrator has completed all of the administrative procedures necessary for the distribution of the Net Settlement Fund to all eligible claimants, and the Claims Administrator can promptly effect distribution of the Net Settlement Fund upon Court approval. See Affidavit of Michael Rosenbaum of David Berdon & Co. LLP, sworn to November 28, 2001 (the "Rosenbaum Affidavit");

WHEREAS, the Claims Administrator has represented to the Court that 450 of the Proof of Claim and Release Forms submitted to the Claims Administrator have been properly documented and determined to be valid claims and are, therefore, being recommended to the Court for acceptance. See Rosenbaum Affidavit ¶ 7a;

WHEREAS, the Claims Administrator has further represented to the Court that 26 Proof of Claim and Release Forms did not adequately document the claims, after being given ample notice and opportunity to do so and such claims are, therefore, being recommended for rejection. See Rosenbaum Affidavit ¶ 7b;

WHEREAS, the Claims Administrator has further represented to the Court that 43 Proof of Claim and Release Forms submitted to the Claims Administrator have been determined to represent ineligible claims and such claims are, therefore, being recommended to the Court for rejection. See Rosenbaum Affidavit ¶ 7c;

WHEREAS, the Claims Administrator has submitted sworn proof of its services rendered herein in providing notice to the Class, in administering the Settlement Fund, in examining each of

the Proof of Claim and Release forms which had been submitted to the Claims Administrator and in providing other services, and the Claims Administrator has represented that its fees for such services amount to $30,000.00. See Rosenbaum Affidavit ¶ 9 and Exhibit G;

WHEREAS, the Claims Administrator has also represented that it has incurred or will incur expenses in the amount of $4,384.78 during the course of the claims administration. See Rosenbaum Affidavit ¶ 10 and Exhibit G;

WHEREAS, Edwin J. Mills of Stull, Stull & Brody, Chair of Plaintiffs' Executive Committee, has submitted sworn proof supporting the recommendations of the Claims Administrator with respect to the acceptance and rejection of Class member claims, with respect to the fairness of the compensation and expense amounts requested by the Claims Administrator, and requesting the payment out of the Settlement Fund of $588.56 in unreimbursed expenses by Stull, Stull & Brody. See Declaration of Edwin J. Mills executed on November 30, 2001 (the "Mills Declaration"); and

WHEREAS, Lead Counsel for the Class has recommended that any balance of the Net Settlement Fund remaining after distribution to eligible claimants be contributed to the National Multiple Sclerosis Society.

NOW, THEREFORE, having duly considered the Motion, the Mills Declaration and Rosenbaum Affidavit, and the Court being duly advised in the premises, it is hereby ORDERED as follows:

1. The Court adopts the recommendations of the Claims Administrator with respect to the acceptance and rejection of Class member claims as set forth in the Rosenbaum Affidavit and the exhibits thereto.

2. The claims of those person identified in Exhibit C to the Rosenbaum Affidavit, including those persons who submitted claims after the initial submission deadline established by the Court, are allowed.

3. For good cause shown, and after sufficient notice and opportunity to be heard was given, the claims of those persons identified in Exhibits D and E of the Rosenbaum Affidavit are rejected, and such persons are barred from asserting claims arising from the claims administration process herein against the Claims Administrator, against Class Counsel, against defendants and/or defendants' insurer and against the Settlement Fund.

4. The Court approves the payment to David Berdon & Co. LLP, Claims Administrator, in the aggregate amount of $34,384.78 for services rendered and expenses incurred and to be incurred by the Claims Administrator in the course of claims administration. The Court directs that such payment be made to the Claims Administrator out of the Net Settlement Fund as soon as practicable.

5. The Court further directs that payment in the amount of $588.56 be made to Stull, Stull & Brody out of the Net Settlement Fund as soon as practicable.

6. After the payments to the Claims Administrator and Stull, Stull & Brody as set forth in this Order, and after the payment, or the reserve for payment, of any and all taxes which are or may become owing on the Net Settlement Fund, the Claims Administrator shall promptly distribute the balance of the Net Settlement Fund to and among those persons whose claims have been accepted as set forth in the Rosenbaum Affidavit and the exhibits annexed thereto.

7. Any balance of the Net Settlement Fund which is remaining after distribution to eligible claimants and after a reasonable time has elapsed to allow such claimants to cash their settlement checks shall be contributed to the National Multiple Sclerosis Society.

8. Without in any way affecting the Final Judgment of Dismissal With Prejudice dated March 27, 2001 previously entered in this action, upon distribution of the Net Settlement Fund and full compliance with this Order, the parties to the Stipulation of Settlement, their agents and attorneys and the Claims Administrator shall be deemed to be conclusively released from any claims

arising out of or in any way relating to the Settlement and the claims administration herein.

Dated: Chicago, Illinois

_____, 2001

DEC 19 2001

SO ORDERED:

_____
David H. Coar
United States District Judge